# Winner, Appellant, *v.* Oakland Township.

[Marked to be reported.]

*Negligence—Contributory negligence—Highway—Known danger.*

A person who has knowledge of the dangerous condition of a public highway, and ventures to drive over it, assumes the risk of personal injuries resulting from the bad condition of the road.

A married woman while riding in a carriage owned by her husband, and driven by her son, a man of full age, was injured by the overturning of the carriage in a public road which was in bad condition.   Both mother and son knew of the dangerous character of the road, and were also aware that they could reach their destination by another road.   When they approached the place where the accident occurred the son alighted, examined the road, and reported to his mother that he thought that he could pass the dangerous place by careful driving.   In making the attempt the carriage

was overturned, his mother was injured, and the carriage was broken. *Held*, that both mother and son were guilty of contributory negligence, and that no damages could be recovered from the township for the injuries to the mother, or for the breaking of the wagon.

Argued Oct. 19, 1893.   Appeals, Nos. 277 and 278, Oct. T., 1893, by plaintiffs, B. S. Winner and S. J. Winner, his wife, from judgments of C. P. Butler Co., June T., 1892, No. 77, and Sept. T., 1892, No. 26, entering compulsory nonsuits.   Before WILLIAMS, McCOLLUM, MITCHELL, DEAN and THOMPSON, JJ.

Trespass for personal injuries to plaintiff's wife, and for breaking of wagon.   Before HAZEN, P. J.

At the trial, there was evidence to the following effect : On Aug. 6, 1891, Mrs Winner, accompanied by her daughter, Mrs. Mechling and child, and by her son, Herbert Winner, and his wife, started to return home from a visit in Oakland township. The wagon belonged to B. S. Winner, the horses to the son-in-law, W. W. Mechling ; they were driven by Herbert Winner. Before leaving the house where they had been visiting they were told that it was a bad road, but that it was traveled.   Notwithstanding, they determined to take this road.   The road, at the point where the accident happened, and continuing on across the defective place, was only about twelve feet wide, and in consequence too narrow to allow the wagon to be turned back. On either side there was a steep bank, that on the right hand sloping upward and the one on the left sloping abruptly downward.   The road itself was at this point quite steep, and the wagon was stopped near the beginning of the descent.   On examination, Herbert Winner discovered that the roadbed in front had been corduroyed for a short distance with pieces of timber or " stave bolts."   This corduroy extended from the bank on the right, a distance of four or five feet, across the roadbed. On the extreme left was a narrow pathway, somewhat higher than the level of the corduroy, and about fourteen or eighteen inches wide, serving as a sort of barrier between the traveled track of the road and the steep embankment to the left.   Between the corduroy and this narrow embankment the water had washed out a ditch about fourteen inches deep, or more, on the left side of the traveled track.   After examination of this part of the road Herbert Winner went back and reported

to those in the wagon that he thought by careful driving they could get through all right. He thought to avoid the ditch on the left by keeping the right hand wheels somewhat up the bank on the right, but in his efforts to do this the wagon slid downward, and the left front wheel coming with a sudden lurch into this ditch caused the tongue to break. This, in turn, frightened the horses causing them to run away, overturning the wagon, breaking the harness and injuring the occupants. The court entered a compulsory nonsuit and subsequently refused to take it off.

*Errors assigned* were (1) entry of nonsuit; (2) refusal to take it off.

*J. M. Galbreath, J. B. McJunkin* with him, for appellants.— It was natural that Mrs. Winner should trust herself to her son's care and judgment, and she was certainly not called upon to exercise her own judgment in opposition to his. In this respect her case is closely analogous to the case of Carr v. Easton City, 142 Pa. 139.

The information which she had in regard to the condition of the road at the place where the accident occurred was furnished by her son. Unless Mrs. Winner was called upon to doubt, discredit and oppose, not only the judgment of her son, but also his capacity to manage the team and wagon, she was not guilty of contributory negligence.

It is only where the standard of duty is fixed and defined, so that a failure to attain it is negligence beyond a cavil, that contributory negligence is a matter of law: Beach on Contributory Negligence, §§ 447, 450.

What is and what is not negligence in a particular case, is a question for the jury when the measure of duty is ordinary and reasonable care: Nanticoke Borough v. Warne, 106 Pa. 376.

The road in question being an open and traveled highway, knowledge of its defective condition on part of plaintiff, if such she had, would not be sufficient to bar her recovery, providing she was exercising due care under the circumstances: Millcreek Township v. Perry, 20 W. N. 359; Beach on Contributory Negligence, § 247; Altoona v. Lotz, 114 Pa. 246.

Even granting, for sake of argument, that there was negli-

gence on the part of Herbert Winner, the driver, yet, not being a common carrier, his negligence could not be imputed to Mrs. Winner, the plaintiff: Carlisle Boro. v. Brisbane, 113 Pa. 544.

But aside from the question of negligence on the part of his wife, B. S. Winner was entitled to at least recover for the loss of his wagon. This was no part or parcel of the injuries done to his wife, nor was it in any way a consequence of these, but entirely independent. The team and wagon were in charge of his son, a married man, not living with his father, but on a farm in an adjoining township. Even granting, for sake of argument, that the loss of his wagon resulted from the concurrent negligence of his son and the township authorities, it follows that he can look to both or either for compensation.

The evidence warrants the assertion that the negligence of defendant township was both gross and persistent.

*John M. Thompson, W. C. Thompson* with him, for appellee. —All of the occupants of the wagon had equal authority and their duties were mutual and reciprocal: Dean v. P. R. R., 129 Pa. 514; Crescent Twp. v. Anderson, 114 Pa. 643.

Mrs. Winner and her son were guilty of contributory negligence: Clulow v. McClelland, 151 Pa. 583; Lynch v. Erie, 151 Pa. 380; Forks Township v. King, 84 Pa. 230.

A person who knows a defect in a highway and voluntarily undertakes to test it when it could be avoided cannot recover against the municipality: Pittsburgh & Southern R. R. v. Taylor, 104 Pa. 306; Forks Township v. King, 84 Pa. 230; Whart. Neg. § 440; Durkin v. Troy, 61 Barb. 437; R. R. v. Taylor, 104 Pa. 306; Haven v. Bridge Co., 151 Pa, 620; Hill v. Tionesta, 146 Pa. 11.

When the facts are not in dispute the question is for the court: West Mahanoy Township v. Walton, 112 Pa. 574; Robb v. Connellsville, 137 Pa. 42; Bunting v. Hogsett, 139 Pa. 363.

The degree of contributory negligence is not an inquiry. Any negligence on part of plaintiff will bar his recovery: Monongahela City v. Fischer, 111 Pa. 9; Fuel Supply Company v. Boundy, 122 Pa. 449; Carroll v. P. R. R., 12 W. N. 348; P. R. R. v. Bell, 122 Pa. 58; Moore v. R. R., 108 Pa. 349; D. L. & W. R. R. v. Cadow, 120 Pa. 559; Erie v. Magill, 101 Pa. 616.

S. J. WINNER'S APPEAL.

OPINION BY MR. JUSTICE THOMPSON, November 13, 1893 :

This suit was brought by appellants to recover damages for
personal injuries consequent upon an accident which occurred
upon a public highway in Oakland township.   The learned
trial judge entered a compulsory nonsuit and this is assigned
for error.   The appellant, Mrs. Winner, with her son and his
wife and their child, and a daughter, having been on a visit in
that township, started to return to their homes in a spring wagon,
to which was attached a team driven by her son.   For the pur-
pose of reaching their destination they took the road upon
which the accident occurred.   This road had been laid out and
opened for the public at a very early day, but, having received
little or no attention, was in a bad condition.   Before taking
it, the appellant and her associates were informed that such
was its condition, although traveled to some extent.   Notwith-
standing, they concluded to take it.   Having traveled the road
for a short distance they discovered an obstruction consequent up-
on a corduroy construction and a ditch washed out between it and
the embankment on the left.   The son got out of the wagon to
make an examination.   After a few minutes he returned and
reported to those who were in it that the place was pretty bad
but that he thought he could get over it by careful driving.
Mrs. Mary Mechling testified : " We came on to this place and
he got out and looked at it and seen it was pretty bad, but he said
he thought he could get over it by careful driving."   And on
cross-examination, in response to the question, " When your
brother came back, after looking at that dangerous road, what
did he say ? " she replied, " He said he thought he could get
over by careful driving."   And again, in response to the ques-
tion, " You knew it was dangerous, everybody could see it,"
she said, " He thought he could escape it by careful driving,
and he did try it carefully."   And Mr. Herbert Winner testi-
fies : " And we came there and I happened to look ahead and
I seen it was washed very badly, and some corduroy put in
there that had been in some time ; and I stopped and examined
it.   I came back and I says, ' I think by careful work we can
get through this all right,' but the bank was so steep it throwed
us into the rut."   And on cross-examination he said : " I was
certain I could get through with careful driving, but still it

was so steep it wouldn't let me.   I expected by careful driving to keep up high enough on this bank."

Thus with full knowledge of the danger of upsetting, and the possibility of injury resulting from it, appellant and her associates took the risk in the hope of escaping accident by careful driving.   Therefore, as she knew the condition of the road and the danger or risk which she chose to take, and as she suffered an injury while taking it, she was guilty of contributory negligence which precludes a recovery for it.   This conclusion is sustained by Pittsburgh Southern Railroad Co. v. Taylor, 104 Pa. 311, where the principle is fully discussed and the cases considered.

For these reasons this judgment is affirmed.

### B. S. WINNER'S APPEAL.

OPINION BY MR. JUSTICE THOMPSON, November 13, 1893 :

This suit was brought by the husband for loss of services of his wife consequent upon the injuries received in the accident referred to in Winner v. Oakland Township, and for the damage done to his wagon at that time.   As the wife was not entitled to recover for the injuries sustained because guilty of contributory negligence, the appellant in this case was not entitled to recover.   And as the wagon was in charge of those who were in it, and as they were guilty of contributory negligence, appellant is not entitled to recover for the damages done to it.

The judgment is affirmed.