### GUSTAVE VORRATH v. JOHN BURKE.

Submitted December 5, 1898—Decided February 27, 1899.

The weight counterbalancing a door covering a cellar stairway in a tenement-house became detached without the landlord's knowledge. A girl of twelve years, daughter of a tenant, having full knowledge of this condition, undertook to raise the door and descend the stairway, and in doing so was injured. In a suit by her father to recover for expense and loss of service resulting from such injury—*Held*, that there could be no recovery.

On *certiorari* to Hudson Pleas, removing a judgment rendered on appeal from a District Court.

Before Justices LUDLOW and COLLINS.

For the plaintiff in *certiorari, John I. Weller.*

For the defendant in *certiorari, William H. Speer, Jr.*

The opinion of the court was delivered by

COLLINS, J.    Access from a tenement-house to a rear yard was afforded by means of a cellar stairway covered by a door counterbalanced with weights. The weights became detached

without the landlord's knowledge. A girl of twelve years, daughter of a tenant, went up the stairway to the yard. She noticed that the door was unusually heavy, but only learned the cause on reaching the yard, when she observed that the wire that had held the weights was broken and that the weights lay on the ground. On her return down the stairway she was unable to sustain the weight of the door as she descended, and was forced down and injured. In a suit by her father against the landlord, to recover damages for loss of service through such injury, a nonsuit was refused and the plaintiff recovered verdict and judgment. In the present *certiorari* the defendant assails as erroneous the refusal to nonsuit and other rulings at the trial. We think that there should have been a nonsuit. All that is urged before us as negligent in the landlord is the use of a wire, to hold the weights, that was so small that it would slip from the sheave of the pulley and render difficult the raising and lowering of the door, of which difficulty the landlord was notified about a month before the accident. It is argued that a reasonably-prudent man would have foreseen that the wire might break, but we fail to see ground for any such inference. The wire had been in use some three or four months, having been substituted for a rope that had become worn. The complaint to the landlord was not of danger of breaking but of inconvenience in use. It is not proved that the wire was broken by use, and if such had been the case that would not, in our view, have created a liability, for the girl was not hurt by reason of the breaking of the wire. No matter how the counterbalance was removed, the landlord would not have been liable for the defective condition of the door—if we may consider it defective—until after he should have become fairly chargeable with notice of that condition. He had only the responsibility of a general owner of real estate who holds out invitations or inducements to other persons to use his property. *Gillvon* v. *Reilly,* 21 *Vroom* 26. It was not proved when the weights became detached or that the landlord had any means of knowing that they had become detached. He

did not live in the house and had not been there for about three weeks.

If we assume negligence in the landlord, still no right of recovery against him was established. Knowledge of the danger compels the assumption of the risk of use in such a case. *Mullen* v. *Rainear*, 16 *Vroom* 520 ; *Frank* v. *Conradi*, 21 *Id.* 23. The plaintiff's daughter was fully aware of the condition of the door when she attempted to hold it on her return down the stairway. She knew that the weights were off and deliberately assumed what risk there was in descending. An adult, of course, would be without remedy, and we think that this girl was old enough to be held guilty of contributory negligence in a case with such simple elements. Children much younger have been subjected to judicial opinion in that regard. *Sheets* v. *Connolly Railway Co.*, 25 *Id.* 518 ; *North Hudson County Railway Co.* v. *Flanagan*, 28 *Id.* 696. Generally, as to infants, that question is for the jury, but where the case is plain it is the court's duty to control it. The question here is not exactly that of negligence, but rather of the assumption of an obvious risk. The case shows, indeed, that there was no other way to return to the house except through the apartment of another tenant, but that fact is immaterial. Even had the girl asked, and been refused, permission to return by that way, she would not have been justified in assuming a risk that *she thought* to be dangerous. Liability, surely, cannot be made to depend on the degree of the risk. It is argued that, as she had come up safely she might assume that she could go down safely, but that was a mere matter of judgment, and the very argument implies ability to reason. If she was old enough for that she was old enough to be subjected to the consequences of a mistake.

The other errors alleged need not be considered.

Under the authority of *Smith* v. *Ocean Castle*, 30 *Vroom* 198, let the judgment be reversed, and let judgment of nonsuit be entered in this court, with costs.