## PHILOMENE KING *vs.* VISCOLOID COMPANY.

Worcester. September 29, 1914. — December 1, 1914.

Present: RUGG, C. J., LORING, BRALEY, SHELDON, DE COURCY, & CROSBY, JJ.

*Parent,* Right to services of minor child. *Workmen's Compensation Act.* *Statute,* Construction.

If a boy sixteen years of age in the employ of a manufacturer gave no notice to his employer, who was a subscriber under the workmen's compensation act, that he claimed his right of action at common law to recover damages for personal injuries, and if, when injured by reason of being put at work upon a dangerous machine without warning or instruction, he claimed and received under the workmen's compensation act an amount equal to one half his weekly wages during the period of his disability and the payment of his medical and hospital bills, this does not deprive his mother, who is his surviving parent, of her right to sue his employer at common law for the loss of her son's services during the period of his disability caused by his employer's negligence; because the boy had no power to waive his mother's independent right of action, and the compensation that he received was wholly upon his own claim.

It was *said* by the court, that the decision above stated did not apply to cases where the parent had received any benefit or compensation under the act, and in the present case the amount of damages had been agreed upon, so that the questions were not presented, whether the plaintiff could recover for medical expenses that had been paid by the insurer or could recover for her son's services so far as she had received or was entitled to obtain compensation for such services out of the money paid to her son under the act.

The rule adopted in the construction of written instruments, that no words can be supplied by construction unless the intention to use them plainly appears by the instrument itself, is applicable to the construction of statutes.

It is a rule in the construction of statutes, that a common law remedy is not held to be abolished by a statute unless this is done by specific enactment or by necessary implication.

The statutory compensation that may be awarded to an employee under the workmen's compensation act, although measured by the amount of his wages, is

not a payment of wages, but is given in place of all the rights of action that belonged to the injured employee, including compensation for suffering and temporary or permanent disability as well as compensation for loss of wages.

TORT by the mother and surviving parent of Alfred Richard, a boy sixteen years of age, who sustained personal injuries on July 3, 1913, when he was in the employ of the defendant, by reason of being put at work without warning or instruction upon a dangerous machine in the defendant's factory, to recover for medical and other expenses incurred by the plaintiff in nursing and caring for her son and for the loss of his services during a certain period of time. Writ dated August 14, 1913.

In the Superior Court the case was submitted to *Hall,* J., without a jury, upon an agreed statement of facts. Among other facts it appeared that the plaintiff's son gave the defendant no notice that he claimed his right of action at common law to recover damages for personal injuries, that the defendant was a subscriber under the workmen's compensation act, and that after the boy's injuries he by a next friend, who was not the plaintiff, made a claim for compensation under the act and received all that the act provided for, which was an amount equal to one half his weekly wages of $8.40 a week accruing after the first two weeks of his disability until the end of eleven weeks, that is, one half his weekly wages for a total period of nine weeks. The insurer under the act "paid all medical and hospital bills incurred for the treatment of Richard's injuries." It was agreed "that if, on the agreed facts, the plaintiff is entitled to recover for loss of services of her son, either under the present pleadings or otherwise at common law, the damages shall be the sum of $54.60."

The judge found for the defendant, and at the request of the parties reported the case for determination by this court. If the plaintiff was entitled to recover, judgment was to be entered for her in the sum of $54.60 with interest from the date of the writ; otherwise, judgment was to be entered for the defendant on the finding.

The case was submitted on briefs at the sitting of the court in September, 1914, and afterwards was submitted on briefs to all the justices then constituting the court.

*T. Casey,* for the plaintiff.

*G. W. Currier, S. E. Young, & S. H. Pillsbury,* for the defendant.

SHELDON, J. The defendant concedes that upon the agreed facts and the inferences to be drawn therefrom the plaintiff had a good cause of action, and is entitled to recover for the loss caused to herself by the injury to her son, unless her right of action is barred by the provisions of the workmen's compensation act, St. 1911, c. 751.

It was undoubtedly the intention of the Legislature by that statute to take away from employees who should become subject to its provisions all other remedies that they had against their employers for injuries happening in the course of their employment and arising therefrom, and to substitute for such remedies the wider right of compensation given by the act. But we find in the act nothing which goes further than this for the protection of the employer. At common law, when this boy was injured, he gained a right of action for himself; and the present plaintiff, his mother, gained another and different right of action for the damage caused to her. The former action, that of the boy himself, has been taken away and a different remedy has been substituted therefor; but this does not of itself affect the second right of action, that of the boy's parent. That the boy received full compensation for the injury to himself does not affect her right to recover for her own loss. *Wilton* v. *Middlesex Railroad,* 125 Mass. 130.

The parent's right of action was not in any just sense consequential upon that of the son. It was independent of his right, and was based upon her personal loss. His action was for the pain and suffering caused by the injury and for the loss of wages or diminution of earning capacity caused thereby and coming after he should have attained full age. Her action was for the expense to which she had been put by reason of his injury and for the loss of his services or wages during his minority. It is true that the right of action in each case rested upon the same foundation, that is, the fact that he had been injured by the negligence of the defendant. Under the provisions of the act (St. 1911, c. 751, Part I, § 5), he had waived his right of action; but he had not waived, by his own mere act he could not waive, his parent's independent right. His waiver was by operation of

law a discharge of his own right; but no discharge of his right could discharge or take away the right which had become vested in her, just as the election of an employee under Part III, § 15, of the act to hold a third party instead of the insurer to compensate him for an injury does not take away his widow's right to hold the insurer for the employee's subsequent death caused by the same injury. *Cripps's Case*, 216 Mass. 586.

The express provision in the act that his right of action is waived or discharged by his failure to give a notice that he claimed his common law rights is, by recognized canons of statutory construction, an indication that it was not intended to take away the right of any one but himself. The Legislature have stated the consequence that is to follow the failure to give the statutory notice; how can the court say that further consequences shall follow, by taking away the right of a third person not mentioned in the act? *Dubuque* v. *Dubuque*, 7 Iowa, 262. *Page* v. *Bartlett*, 101 Ala. 193. *Perkins* v. *Thornburgh*, 10 Cal. 189. *Oxford Iron Co.* v. *Slafter*, 18 Fed. Cas. No. 10,637.

The provision that the insurer shall pay a part of the medical expenses made necessary by injury to an employee (Part II, § 5) does not take away by implication the parent's remedy in a case like this. Doubtless the parent could not recover for expenses which he had not been called on to incur and in fact had not incurred, but it is not perceived how this could have any greater effect than to reduce somewhat the amount of damages that might be recoverable.

This is not a case in which the plaintiff has taken any benefit under the act, which it might be contended would stop her from making any claim inconsistent with the effect of that act upon the employer. The insurer's payment of the medical and hospital bills was not, so far as appears or is suggested, made at her request, nor did it relieve her from any liability, for it does not appear that she had become liable for these bills. Our decision does not apply to cases where the parent has received any benefit or compensation under the act. Nor do we decide that the plaintiff could recover for medical expenses which had been paid by the insurer, or for her son's services, so far as she had received, or was entitled and able to obtain for such services, the amounts paid therefor to him through his next friend by the insurer.

These questions are not presented, for the amount of damages has been agreed upon.

It is probably true that the Legislature in passing this act did not have in mind such a case as here is presented. It did occur to the Legislature of Rhode Island, and is provided for in the statute of that State. St. of R. I. 1912, c. 831, art. 1, § 6.* Whether our Legislature, if they had dealt with the question, would have made the same provision as was made in Rhode Island, or would have adopted some other course, is mere matter of conjecture.

In our statute there is no direct enactment taking away the parent's right of action, and we find nothing which takes it away by necessary implication. The Legislature simply have not covered the case, as in *Parsons* v. *Merrill*, 5 Met. 356. If they had chosen not to leave the parent's right of action unaffected, they might have taken it away altogether; they might have made some stated division of the allowed compensation between the minor employee and his parent; they might have provided (like the Rhode Island Legislature) that the election between the statutory remedy and that given by the common law should be made by the parent of a minor employee and should bind both parent and child. How can the court say which if either of these courses would have been adopted by the Legislature? It seems plain that neither one of them can be held to have been mani-

---

* This provision of the Rhode Island statute is as follows:

"A minor working at an age legally permitted under the laws of this State shall be deemed *sui juris* for the purpose of this act and no other person shall have any cause of action or right to compensation for an injury to such minor employee except as expressly provided in this act; but if said minor shall have a parent living or a guardian, such parent or guardian, as the case may be, may give the notice and file a copy of the same as herein provided by this section, and such notice shall bind the minor in the same manner that adult employees are bound under the provisions of this act. In case no such notice is given, such minor shall be held to have waived his right of action at common law to recover damages for personal injuries. Any employee, or the parent or guardian of any minor employee, who has given notice to the employer that he claimed his right of action at common law may waive such claim by a notice in writing which shall take effect five days after the delivery to the employer or his agent."

festly intended by the language of the act. But we have no right to conjecture what the Legislature would have enacted if they had foreseen the occurrence of a case like this; much less can we read into the statute a provision which the Legislature did not see fit to put there, whether the omission came from inadvertence or of set purpose. See *Hull* v. *Hull,* 2 Strobh. 174; *Kunkalman* v. *Gibson,* 171 Ind. 503; *United States* v. *Starn,* 17 Fed. Rep. 435; *United States* v. *Musgrave,* 160 Fed. Rep. 700. This is the rule adopted in the construction of all written instruments, that no words can be supplied by construction unless it plainly appears what words ought to be supplied. To this recognized doctrine it is enough to cite *Metcalf* v. *Framingham Parish,* 128 Mass. 370; *Child* v. *Child,* 185 Mass. 376; *Sanger* v. *Bourke,* 209 Mass. 481, 486, 487; and *Springfield Safe Deposit & Trust Co.* v. *Dwelly, ante,* 65.

It may be added also that another rule of statutory construction is that an existing common law remedy is not to be taken away by a statute unless by direct enactment or necessary implication. *Melody* v. *Reab,* 4 Mass. 471, 473. *Commonwealth* v. *Rumford Chemical Works,* 16 Gray, 231, 232. *Commonwealth* v. *Beck,* 187 Mass. 15, 17.

It has been suggested that the statutory compensation given to a minor employee is really a payment of wages, citing a detached sentence from the opinion of A. L. Smith, L. J., in *Irons* v. *Davis & Timmins, Limited,* [1899] 2 Q. B. 330, 332. But this is not so. The *quantum* of the compensation is measured by the amount of the wages; but the payment is in place of all the rights of action that belonged to the injured employee, and covers suffering and temporary or permanent disability as well as loss of wages. This is plainly so in the allowance for permanent physical disability under Part II, § 11, though that too is measured by the amount of wages earned. So too where the injury is due to the serious and wilful misconduct of the employer or superintendent. Part II, § 3.

Under the terms of the report, in the opinion of a majority of the court, judgment must be entered in favor of the plaintiff in the sum of $54.60 with interest from the date of the writ.

*So ordered.*