CALLIES, Appellant, vs. RELIANCE LAUNDRY COMPANY, Respondent.

*November 19—December 8, 1925.*

*Parent and child: Child injured through negligence of another: Rights of action: By child: By father: Contributory negligence of child bar to father's action.*

1. A minor child who is injured by the negligence of another, if free from contributory negligence, can recover for pain and suffering and disfigurement, if any, and for loss of temporary or permanent earning capacity after majority.   p. 380.
2. Under such circumstances the parent can recover for loss of the earning capacity of the child during minority and for reasonable medical and nursing expenses.   p. 380.
3. A parent whose minor child has been injured through the negligence of another takes by operation of law a part of the child's cause of action, which, because of the relation of parent and child, has been assigned to the parent; and he takes it subject to any defenses which could be urged against the child, including that of contributory negligence.   pp. 381, 382.

APPEAL from a judgment of the circuit court for Milwaukee county: JOHN J. GREGORY, Circuit Judge.   *Affirmed.*

Action by the plaintiff, the mother and sole living parent of Raymond Callies, a minor thirteen years of age, to recover damages for medical expenses incurred and for loss of services of the minor suffered through an injury negligently inflicted upon the minor by the defendant.   The jury found that the minor was guilty of contributory negligence. This finding was sustained by the trial court, and judgment was entered for the defendant dismissing the cause of action upon its merits.

For the appellant there was a brief by *Padway, Skolnik & Winnecour* of Milwaukee, and oral argument by *Joseph A. Padway.*

For the respondent there was a brief by *Shockley & Dougherty* of Milwaukee, and oral argument by *Glenn R. Dougherty.*

VINJE, C. J.   The appellant's counsel do not very seriously controvert the correctness of the answer finding the minor guilty of contributory negligence, and a perusal of the evidence satisfies us that the answer is in accordance with the facts shown.   But counsel contend that notwithstanding the contributory negligence of the minor the mother is entitled to recover, and that is the question squarely raised by the appeal.   In order that the appellant's contention may be correctly set forth we quote somewhat at length from their brief, which shows the major contentions contended for by them.   They state:

"Perhaps the question here raised is directly brought to the attention of this court for the first time.   It may be said that our contention conflicts with apparently settled authority.   Lest it may appear audacious on our part in raising a point so apparently undisputed, we submit: though it is not difficult to find instances of the application of the rule where the negligence of a minor was imputed to his parent, we are at a loss to discover any sound logic in support of it, but, on the contrary, we find every reason against it.

"It is impossible to name any basis, whether founded on principles of natural justice or of public policy, for the further maintenance of this ancient holding, but, on the other hand, every reason from the standpoint of legal science and natural justice presents itself for its repudiation.

"The case summed up is this: A parent sustains damages because of injury to her child.   The injury is occasioned by the negligence of a third person coupled with some contributory negligence on the part of the child.   The parent had no hand in bringing on the loss to herself, other than the fact of being a parent upon whom the law imposed a duty of providing her child with food, raiment, shelter, and medical attention.   Shall the law say, 'Since the plaintiff has been the hapless parent of a neglectful child, hurt through a concurrence of its negligence with the defendant's carelessness, let the parent alone pocket the loss; and as for the defendant (but for whose carelessness in concurrence with that of the child no loss or damage to the parent

would have occurred), let him go unscathed?' Or shall it say, 'The joint tortfeasor, a wrong-doer, shall not receive absolution for his wrong-doing because of the accident of relationship between his joint tortfeasor and the person who has been damaged, particularly without any fault on the part of the person damaged or injured.'

"A placing of the two views above expressed in juxtaposition readily points out the former as arbitrary, archaic, and based upon no stronger reasoning than a fiction of law; while the latter is recognized as reasonable, just, scientific, and in accord with modern legal trend.

"It may be urged that the relationship is what gives rise to plaintiff's cause of action, and without it she would have no cause of action; but it is this relationship that imposes upon her the obligation of furnishing medical attention, etc., and for that reason vests her with the right of recoupment of her loss through the act of any wrong-doer."

Counsel for appellant strongly urge us to go one step further than we did in the case of *Reiter v. Grober,* 173 Wis. 493, 181 N. W. 739, in which we held, reversing *Prideaux v. Mineral Point,* 43 Wis. 513, that the negligence of a driver of a private conveyance was not imputed to the guest, and to hold that the negligence of a minor should not be imputed to the parent in this cause of action. Our attention is called to cases in our own court and in other courts in which relations different from that of husband and wife or parent and child have existed and in which it has been held that the negligence of the one has not been imputed to the other. Counsel frankly concede that indirectly or at least by implication our court has consistently held that where the relation of parent and child exists the parent cannot recover for loss of services if the minor has been found guilty of contributory negligence. But it is said that such holding has been by implication and that it has been assumed to be the law rather than distinctly held to be the law. This view is shared by Professor Gilmore in an article on imputed negligence in 1 Wis. Law Review, No. 4, pp. 206–211.

Appellant's counsel further contend that the reasons usually given for holding that contributory negligence of a child or a wife is a defense in an action when the parent or the husband sues for loss of services are not judicial reasons, and are not based upon facts as they actually exist, calling special reference to the case of *Chicago, B. & Q. R. Co. v. Honey,* 63 Fed. 39, in which case one main reason given is that, since the husband can control the actions and conduct of the wife, he is responsible for such conduct. The same reason has been given with reference to a parent, to the effect that, having the right to control the actions and conduct of a minor child, he must be held responsible for such conduct. We mention this simply to show that we have not overlooked the argument made, and we merely add that in our judgment the reasons given in cases of this kind have not been satisfactory. Practically neither a husband nor a parent can effectively control the conduct of a wife or child as respects contributory negligence. The right to control is a barren right that seldom ripens into fruit, and it does not seem to us substantial enough to form the basis of. a judicial reason. It is true that in the Wisconsin cases in which it has been held by implication that the contributory negligence of the minor or wife bars the parent's or husband's right of action for loss of services, it has been held as a matter of course and has not received extended discussion. See *Ewen v. C. & N. W. R. Co.* 38 Wis. 613; *Holmes v. Fond du Lac,* 42 Wis. 282; and *Cawley v. La Crosse City R. Co.* 106 Wis. 239, 82 N. W. 197.

In the case at bar we shall confine our analysis and our reasoning to the situation of the present case, namely, that of parent and child, and shall only use by way of illustration the somewhat analogous relation of husband and wife, and shall attempt to show that there is a sound judicial reason for the present state of the law. For appellant's counsel frankly concede that the great weight of the law is against their contention.

When a parent sues to recover for the loss of service of his child who has been injured by the concurrent negligence of the child and a third person, the bar of the child's contributory negligence is not due to the application of the doctrine of imputed negligence. The parent is by law required to support and care for his child. In return for the performance of such obligation the law gives to the parent the right to a part of the child's cause of action in case he is negligently injured by another. So, also, since the husband is required to support his wife, the law likewise gives him a part of the wife's cause of action in case she is negligently injured by another. This splitting up of the cause of action, resulting in some of the damages being given the child and some to the parent, or some to the wife and some to the husband, is due solely to the parental and marital relations existing between the parties. A part of the damages are given the parent or husband, as the case may be, because of the obligations he is under to the child or wife. But for such relations and obligations the entire damages would belong to the child or wife. For when an adult not under coverture or disability is injured by the negligence of another and he is free from contributory negligence, he can recover (1) for pain and suffering and disfigurement, if any; (2) for loss of permanent or temporary earning capacity; and (3) for reasonable medical and nursing expenses. If he is guilty of contributory negligence he cannot recover at all. But when a minor child is injured by the negligence of another and he is free from contributory negligence, he can recover (1) for pain and suffering and disfigurement, if any, and (2) for loss of temporary or permanent earning capacity after majority. And in such case the parent can recover (1) for loss of the minor's earning capacity during minority and (2) for reasonable medical and nursing expenses during minority. If the minor is guilty of contributory negligence neither minor nor parent can recover, for their rights spring out of the

same transaction—the same cause of action. The parent takes by operation of law a part of the child's cause of action and he must take it as the child leaves it. For the reasons stated growing out of the relation, the law assigns to the parent a part of the cause of action, and he takes it subject to any defenses that could be urged against the child, in whom the whole cause of action, but for the law, would vest.

It is therefore not a case of imputed negligence, but a case where by operation of law a part of a cause of action is assigned from the child to the parent, and the part of the cause of action so assigned can have no better standing in court than the part not so assigned. It is a familiar principle of law that an assignee of a cause of action stands in the shoes of the assignor.

Such is also the legislative policy of our state. Sec. 331.03 of the Statutes of 1925, in operation since 1857, provides for the survival of a cause of action in case of the death of a person caused by the wrongful act of another, and for a recovery by the personal representative *only in case where the party injured, had he lived, would have been entitled to recover.* This legislative declaration is an adoption of the common-law rule that in case of the splitting up of the cause of action each part stands upon the same basis and is subject to the same defenses. It can make no difference, so far as the contributory negligence of the minor is concerned, whether the whole cause of action, as in case of death, is given the parent by statute, or in case of an injury not resulting in death only a part of the cause of action is given it by the common law. In both cases the parent is free from contributory negligence, and in both cases he has suffered damage at the hands of the defendant, and in both cases he is given a cause of action by law. In one case the whole cause of action passes from the minor to the parent by operation of law and in the other only a part of the cause of action so passes. We see no reason why both should not be subject to the same defenses.

This is an equitable doctrine. In every lawsuit there are at least two parties, and the rights of both are entitled to protection. If an adult not under coverture or disability is injured it is a complete defense to the whole cause of action to show contributory negligence. Why should it not equally be a defense to the whole cause of action when the law splits it up? The law by giving the parent a part of the cause of action does not change the nature of the part transferred, but merely passes it from one to the other. When the statute passes a whole cause of action from a deceased person to another, it passes it upon equitable principles in the condition in which the deceased left it, that is, subject to the same defenses. It is true that in neither case is the person to whom the cause or a part of the cause of action is transferred to blame. He is free from contributory negligence, but he must be content to take what the law gives him. Neither the whole nor a part of the cause of action can be purged from contributory negligence where that exists by merely a legal transfer or assignment.

For the reasons stated we reach the conclusion that the doctrine of imputed negligence does not apply to the situation here presented, and the argument directed towards our extending the doctrine of *Reiter v. Grober, supra,* has no application.

We have purposely refrained from citing many cases holding that the contributory negligence of a minor bars the parent's right to recover for loss of service because such is and was frankly admitted by appellant's counsel to be almost the universal doctrine. See *Tidd v. Skinner,* 225 N. Y. 422, 122 N. E. 247, and cases cited, 3 A. L. R. 1145; 1 Shearm. & Redf. Neg. (6th ed.) p. 176, § 71, and cases cited.

*By the Court.*—Judgment affirmed.