## JOHN H. SHIELS *vs.* JOSEPH C. AUDETTE.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued June 14th—decided July 27th, 1934.

*Curtiss K. Thompson,* with whom was *Herbert S. MacDonald,* and, on the brief, *John H. Weir,* for the appellant (plaintiff).

*Joseph N. Manfreda,* with whom, on the brief, were *Jacob Belford* and *Lawrence C. Caplan,* for the appellee (defendant).

AVERY, J. The plaintiff brought this action to recover for loss of services and moneys expended in the care of his minor son who was injured by falling off a Ford truck owned and operated by the defendant. The complaint was in two counts: in the first count, it was alleged that the plaintiff's minor son, John E. Shiels, a boy thirteen years of age, was invited by an employee of the defendant, and with the latter's knowledge, to ride upon his truck which was driven to a coal yard, and that on the way back the boy fell from the running board and was injured. It was alleged that his injuries were due to the heedlessness of the defendant and his reckless disregard of the rights of John E. Shiels. In the second count, it was alleged that the latter's injuries were due to the negligence of the defendant in the operation of the truck. A demurrer was interposed by the defendant to the second count on the ground that as it appeared from the complaint that the plaintiff's son was riding as a guest, no cause of action existed in favor of his father for injuries to the son due to the defendant's negligence. The demurrer to this count was sustained. Subsequently, the cause was heard to the jury on the first count and, when the plaintiff's evidence had been presented, the court granted a judgment of nonsuit, and afterward denied a motion to set it aside, from which the plaintiff appealed. The two errors assigned are the action of the court in sustaining the demurrer to the second count, and in refusing to set aside the nonsuit.

The question presented by the demurrer is whether General Statutes, § 1628, applies to the parent of a minor child suing for loss of services and expenses, etc., for injuries sustained by the child while being transported as a guest in a motor vehicle. When a minor child is injured by the negligent act of a third party, two causes of action immediately spring into existence; first, the right of action by the child itself for the personal injuries inflicted upon it; and second, a right of action to the parent for consequential damages, such as loss of services and expenses, caused by the injury to the child. The right of the parent to recover is independent of the right of the child, and the judgment in an action brought by the child would not preclude the parent from recovery in an action brought by him unless some such circumstances existed as in *Kenure* v. *Brainerd & Armstrong Co.*, 88 Conn. 265, 267, 91 Atl. 185, where a father brought the action as next friend of his daughter and the entire damages were claimed in it. The parent is not regarded in law as either a party or privy to an action brought by a child and hence is not bound by the judgment thereunder. Nevertheless, an essential element of the cause of action vested by law in the parent is that the compensation recoverable by him for expenses flows from a personal injury for which, under the law, the child would be entitled to recover compensation. Proof of that fact is an essential prerequisite to recovery. If the child was not entitled to recover compensation for his injury, there can be no recovery by the parent. "If the injury occurs under such circumstances as do not give the child a right of action for personal injury, the father cannot recover." *Thibeault* v. *Poole*, 283 Mass. 480, 485, 186 N. E. 632. This principle prevails generally. *Callies* v. *Reliance Laundry Co.*, 188 Wis. 376, 206 N. W. 198, 200, 42 A.L.R. 712; *Tidd* v. *Skin-*

*ner,* 225 N. Y. 422, 432, 122 N. E. 247; *Vorrath* v. *Burke,* 63 N. J. L. 188, 42 Atl. 838; *Winner* v. *Oakland Township,* 158 Pa. St. 405, 410, 27 Atl. 1110, 1111; *Wueppesahl* v. *Connecticut Co.,* 87 Conn. 710, 89 Atl. 166; 46 C. J. 1303.

An act or omission of a person which causes a loss of the services of a minor child to a parent or necessitates expenditures to cure an injury done to the child, entitles the parent to recover damages when it appears that the act or omission is one which the law holds to be a legal wrong. There may be instances where an act or omission may constitute a legal wrong to a parent although the child would not have a cause of action; perhaps this would be so where the child, by consenting to the act, would be debarred of a remedy, but such consent might not be binding upon a parent. But in such a case as this, where the basis of the claimed wrongful conduct is the failure of the defendant to take certain steps to prevent the child from suffering injury, the parent cannot recover unless that failure constituted a legal wrong to the child. Section 1628 of the General Statutes deprives a guest in a motor vehicle of any right of action against its owner or operator arising out of an accident unless that accident was intentional on the part of the owner or operator or was caused by his reckless disregard of the rights of others. Unless the conduct of the owner or operator falls within the terms of the statute, it does not constitute a legal wrong to the guest and hence, if that guest be a child, cannot be the basis of a recovery by his parent for services lost or expenditures incurred because of injury suffered by the child. Under the allegations of the complaint, John E. Shiels, a minor, riding for his own pleasure in defendant's automobile without paying compensation and for no purpose or benefit of the defendant at the invitation of the latter's

servant, was a guest within the meaning of the statute. The allegation that he was not informed as to the destination of the truck, or that it was to be loaded before its return, does not change the relationship, as there is no allegation of fraud, force or intimidation and the failure to inform was at most alleged to be negligence. It follows that inasmuch as the child riding as a guest in defendant's automobile without paying compensation could not maintain an action based upon negligence against the owner or operator, the parent of the child, by force of the statute, cannot maintain such an action for his consequential damage. The demurrer to the second count was properly sustained.

Viewing the evidence introduced in behalf of the plaintiff from the point of view most favorable to him, the jury might have found that the minor with his younger brother, Robert, and another boy, Joseph Riotte, were playing in the defendant's Ford automobile truck in his yard at 133 East Main Street, Wallingford; that on the afternoon of December 31st, 1931, an employee of the defendant invited the three boys to ride in the truck, which was driven by the defendant, to a coal yard about a mile distant and there loaded with coal; that after it was loaded, the defendant told the boys to climb up on the truck; that at the same time the defendant climbed into the cab and started to drive home; that two of the boys, John E. Shiels, who was injured, and Joseph Riotte stood on the running board as the truck was being driven back to the defendant's house; that as they stood there, they were engaged in throwing coal from the truck at mail boxes as they passed by; and that when the truck had proceeded about one-half mile, John fell off. The exact cause of his falling did not appear other than that the boys were standing on the running

board, engaged in throwing coal at the boxes as the truck drove along. Nor did it appear that the defendant knew that they were riding on the running board. At the close of the evidence, the court granted defendant's motion for a nonsuit on the ground that there was no evidence of any conduct upon the part of the defendant which could reasonably be construed as heedless or reckless within the purview of the statute. There was evidence to the effect that the truck was being operated at an average speed of fifteen to twenty miles an hour over a fairly smooth road on a clear day. There was no evidence that the speed was excessive or that the truck was being operated in a dangerous manner. The only possible claim of fault was that the defendant ought to have been aware of the presence of the boys upon the running board and to have compelled them to either get off or to get on top of the load. This is at most but a claim of negligence. *Anderson* v. *Colucci,* 116 Conn. 67, 73, 163 Atl. 610; *Ascher* v. *Friedman, Inc.,* 110 Conn. 1, 3, 147 Atl. 263; *Latham* v. *Hankey,* 117 Conn. 5, 10, 166 Atl. 400; *Palmer* v. *R. & H. Pant Co.,* 117 Conn. 124, 167 Atl. 94.

There is no error.

In this opinion MALTBIE, C. J., HINMAN and BANKS, Js., concurred.

HAINES, J. (dissenting in part). The conclusion reached by the majority opinion upon the action of the court in sustaining the demurrer to the second count is one in which I find myself unable to concur. The rule at common law is clear; one who by negligence injured a minor without fault of the latter, was subject to two separate and distinct causes of action—one by the minor for his personal injuries and one by

the parent for the loss of the minor's services and for the expense to which the parent had been put. He was not answerable to either for the loss suffered by the other. They were independent rights and the recovery by one was not a bar to a recovery by the other, save under special circumstances, as in *Kenure* v. *Brainerd & Armstrong Co.*, 88 Conn. 265, 267, 91 Atl. 185. This was the situation when the legislature had the guest statute under consideration. By that Act, the minor's right of action for personal injuries from negligence, was taken away if he was a guest, unless he could prove that the defendant was guilty of something more than negligence, viz.: of a heedless and reckless disregard of the minor's rights. The language of that Act confines its operation exclusively to "the person transported," and thereafter a minor guest had no vested right which could be invaded by a simple act of negligence; but the same negligent act still had the result of depriving the parent of his rights with which the common law had invested him, since the guest statute made no reference to anyone except the person transported. The negligent act remained a legal wrong to the parent, as at common law.

In a Massachusetts case, where the rights of a minor were lost by his failure to comply with a statutory requirement of notice, an action by the parent for the deprivation of the latter's common-law rights was sustained by reasoning which I feel to be sound and properly applicable to the present case. The court said that the parent's right of action was not in any just sense consequential upon that of the son's, but was an independent right based upon the parent's own loss of services, and the expenses caused by the injury. It was pointed out that the statute, by recognized canons of construction, showed that "it was not intended to take away the right of anyone but him-

self. . . . In our statute there is no direct enactment taking away the parent's right of action, and we find nothing which takes it away by necessary implication. The legislature simply have not covered the case. . . . We have no right to conjecture what the legislature would have enacted if they had foreseen the occurrence of a case like this; much less can we read into the statute a provision which the legislature did not see fit to put there, whether the omission came from inadvertence or of set purpose. . . . It may be added also that another rule of statutory construction is that an existing common-law remedy is not to be taken away by a statute unless by direct enactment or necessary implication." *King* v. *Viscoloid Co.*, 219 Mass. 420, 423-425, 106 N. E. 988. Our own case of *Wueppesahl* v. *Connecticut Co.*, 87 Conn. 710, 89 Atl. 166, and other cases cited, where contributory negligence is involved, are not, I think, in point. Manifestly a parent could not collect from a third party for expenses caused by injuring his son where the negligence of the latter was a contributing cause of those injuries; we make no apportionment of negligence in this State. No contributory negligence is involved in the present inquiry, and the negligence of the defendant stands as the sole cause of the parent's loss. He had a right of recovery at common law, and that right was not disturbed by the guest statute. I think the demurrer should have been overruled.