ARRITT v. FISHER.

1. AUTOMOBILES—GUEST PASSENGERS—GROSS NEGLIGENCE—WILFUL
AND WANTON MISCONDUCT.

An act or omission by a host occasioning personal injury to a
guest passenger in an automobile, unless by reason of gross
negligence or wilful and wanton misconduct of the host, does
not constitute an actionable wrong (1 Comp. Laws 1929,
§ 4648).

2. SAME—GUEST PASSENGERS—MEDICAL CARE, HOSPITAL BILLS AND
LOSS OF SERVICES OF WIFE.

Host motorist who was conceded not to have been guilty of gross
negligence or wilful and wanton misconduct was not liable to
husband of woman guest passenger for medical and hospital
bills and loss of services because of injuries she sustained
while in defendant's car (1 Comp. Laws 1929, § 4648).

POTTER and McALLISTER, JJ., dissenting.

Appeal from Kalamazoo; Weimer (George V.), J.
Submitted April 8, 1938. (Docket No. 61, Calendar
No. 39,961.) Decided November 10, 1938.

Case by Waldie Arritt against Carl Fisher for
medical and hospital bills and loss of services as a
result of injuries sustained by plaintiff's wife while
a passenger in defendant's automobile. Verdict and
judgment for plaintiff. Defendant appeals. Re-
versed without a new trial.

*Edward J. Ryan,* for plaintiff.

*Jackson, Fitzgerald & Dalm (Harry E. Rodgers,*
of counsel), for defendant.

Wiest, C. J.   Plaintiff's concession that defendant was not guilty of gross negligence or wilful and wanton misconduct bars this action.

An act or omission by a host occasioning personal injury to a guest passenger in an automobile, unless by reason of gross negligence or wilful and wanton misconduct of the host, does not constitute an actionable wrong. 1 Comp. Laws 1929, § 4648 (Stat. Ann. § 9.1446) the so-called "guest statute."

Under a guest statute of like purport it was so held in *Shiels* v. *Audette,* 119 Conn. 75 (174 Atl. 323, 94 A. L. R. 1206). We quote:

"The question presented by the demurrer is whether General Statutes, § 1628, applies to the parent of a minor child suing for loss of services and expenses, et cetera, for injuries sustained by the child while being transported as a guest in a motor vehicle. When a minor child is injured by the negligent act of a third party, two causes of action immediately spring into existence; first, the right of action by the child itself for the personal injuries inflicted upon it; and second, a right of action to the parent for consequential damages, such as loss of services and expenses, caused by the injury to the child. The right of the parent to recover is independent of the right of the child, and the judgment in an action brought by the child would not preclude the parent from recovery in an action brought by him unless some such circumstances existed as in *Kenure* v. *Brainerd & Armstrong Co.,* 88 Conn. 265, 267 (91 Atl. 185), where a father brought the action as next friend of his daughter and the entire damages were claimed in it. The parent is not regarded in law as either a party or privy to an action brought by a child and hence is not bound by the judgment thereunder. Nevertheless, an essential element of the cause of action vested by law in the parent is that the compensation recoverable by him for ex-

penses flows from a personal injury for which, under the law, the child would be entitled to recover compensation. Proof of that fact is an essential prerequisite to recovery. If the child was not entitled to recover compensation for his injury, there can be no recovery by the parent. 'If the injury occurs under such circumstances as do not give the child a right of action for personal injury, the father cannot recover.' *Thibeault* v. *Poole,* 283 Mass. 480, 485 (186 N. E. 632). This principle prevails generally. *Callies* v. *Reliance Laundry Co.,* 188 Wis. 376 (206· N. W. 198, 200, 42 A. L. R. 712); *Tidd* v. *Skinner,* 225 N. Y. 422, 432 (122 N. E. 247, 3 A. L. R. 1145); *Vorrath* v. *Burke,* 63 N. J. Law, 188 (42 Atl. 838); *Winner* v. *Oakland Township,* 158 Pa. 405, 410 (27 Atl. 1110, 1111); *Wueppesahl* v. *Connecticut Co.,* 87 Conn. 710 (89 Atl. 166); 46 C. J. p. 1303.

"An act or omission of a person which causes a loss of the services of a minor child to a parent or necessitates expenditures to cure an injury done to the child, entitles the parent to recover damages when it appears that the act or omission is one which the law holds to be a legal wrong. There may be instances where an act or omission may constitute a legal·wrong to a parent although the child would not have a cause of action; perhaps this would be so where the child, by consenting to the act, would be debarred of a remedy, but such consent might not be binding upon a parent. But in such a case as this, where the basis of the claimed wrongful conduct is the failure of the defendant to take certain steps to prevent the child from suffering injury, the parent cannot recover unless that failure constituted a legal wrong to the child. Section 1628 of the General Statutes deprives a guest in a motor vehicle of any right of action against its owner or operator arising out of an accident unless that accident was intentional on the part of the owner or operator or was caused by his reckless disregard of the rights of others. Unless the conduct of the owner or operator falls

within the terms of the statute, it does not constitute a legal wrong to the guest and hence, if that guest be a child, cannot be the basis of a recovery by his parent for services lost or expenditures incurred because of injury suffered by the child."

In *Hall* v. *Royce,* 109 Vt. 99 (192 Atl. 193), a minor was a guest passenger and two tort actions were brought; one in behalf of the minor for personal injuries and the other by the father for expenses incurred. The court held:

"So far as the defendant Royce is concerned, it is quite apparent that the suit must fail, unless there was evidence fairly and reasonably tending to show that she was grossly or wilfully careless. For of such, alone, consists the right of action of a gratuitous guest. P. L. 5113. Nor does her father stand any better here, for his right of action, if he has any, while independent of hers, in some respects, see *King* v. *Viscoloid Co.,* 219 Mass. 420 (106 N. E. 988, Ann. Cas. 1916D, 1170), is founded upon the same breach of duty as that sued on by the minor. And if the latter cannot recover the parent cannot. *Thompson* v. *United Laboratories Co.,* 221 Mass. 276 (108 N. E. 1042, 1043); *Regan* v. *Superb Theatre, Inc.,* 220 Mass. 259 (107 N. E. 984); *Central Ga. R. Co.* v. *Robins,* 209 Ala. 12 (95 South. 370); *Callies* v. *Reliance Laundry Co.,* 188 Wis. 376 (206 N. W. 198, 42 A. L. R. 712, 715); *Shiels* v. *Audette,* 119 Conn. 75 (174 Atl. 323, 94 A. L. R. 1206, 1208), and note."

The judgment is reversed without a new trial, and with costs to defendant.

BUSHNELL, SHARPE, CHANDLER, and NORTH, JJ., concurred with WIEST, C. J.

McALLISTER, J. (*dissenting*). Plaintiff's wife suffered injuries while riding as a guest in an automobile and he brought this action to recover for loss

of her services and for medical and hospital bills. Defendant contended that he was free from negligence; that plaintiff's wife was guilty of contributory negligence, and that no recovery could be had under the guest statute. 1 Comp. Laws 1929, § 4648 (Stat. Ann. § 9.1446).

The case was tried before a jury and plaintiff received a verdict in the amount of $600 upon which judgment was entered and from which defendant appeals.

The accident occurred November 2, 1936, about 6:30 in the evening. Defendant was driving the automobile and his wife and plaintiff's wife were sitting in the back seat. He was proceeding in a southerly direction on Mills street in the city of Kalamazoo. When he approached the tracks of the Pennsylvania railroad which intersected Mills street in a diagonal direction, running southeast and northwest across Mills street, railroad flasher signals were operating. Defendant observed them and brought his automobile to a stop about two car lengths from the railroad track, there being another car in front of him which proceeded across the tracks ahead of defendant's car without incident.

While he was stopped at the track defendant saw a locomotive standing on the tracks to the right. He decided that it was a switch engine which was causing the signals to operate and he then started to proceed across the tracks when his automobile was struck by a locomotive coming from the left. There was disputed testimony as to whether such locomotive had its headlight burning. Defendant stated that he had not seen the oncoming locomotive before it struck his car. Under the testimony the question of defendant's negligence was one of fact for the jury.

Defendant further charges that plaintiff's wife, Mrs. Arritt, was guilty of contributory negligence because she encouraged him to proceed across the tracks and that, therefore, she may be said to have assumed the risk incident to the crossing. In her testimony, Mrs. Arritt stated that she was sitting in the back seat of the car and denied that she approved the conduct of defendant or advised him to drive across the tracks. Whether she did so was a question for the jury.

Mrs. Arritt was a guest passenger. The so-called guest act provides that:

"No person transported by the owner or operator of a motor vehicle as his guest without payment for such transportation shall have a cause of action for damages against such owner or operator for injury, death or loss, in case of accident, unless such accident shall have been caused by the gross negligence or wilful and wanton misconduct of the owner or operator of such vehicle, and unless such gross negligence or wilful and wanton misconduct contributed to the injury, death or loss for which the action is brought."

The point involved in the instant case has never been passed upon by this court, nor apparently by the courts of any other States having a "guest statute." At common law a husband has a right of action for loss of his wife's services. *Blair* v. *Seitner Dry Goods Co.*, 184 Mich. 304 (L. R. A. 1915D, 524, Ann. Cas. 1916C, 882); *Gregory* v. *Oakland Motor Car Co.*, 181 Mich. 101. By statute a wife can bring an independent action in her own name for damages suffered by reason of negligence. *Blair* v. *Seitner Dry Goods Co., supra.*

There is no question in this case of the husband's right of action being barred because of his wife's

negligence, as that question was submitted to the jury. Both plaintiff and his wife had, however, independent causes of action for negligent injuries to the wife. Plaintiff conceded that defendant was not guilty of gross negligence. Mrs. Arritt, therefore, would not have been able to bring an action for her injuries as her cause of action was in this case abrogated by statute, since she was a guest passenger at the time the accident occurred. In *Bandfield* v. *Bandfield*, 117 Mich. 80 (40 L. R. A. 757, 72 Am. St. Rep. 550), this court said:

"The legislature should speak in no uncertain manner when it seeks to abrogate the plain and long-established rules of the common law. Courts should not be left to construction to sustain such bold innovations. The rule is thus stated in 9 Bacon's Abridgment, title 'Statute,' I (4), pp. 244, 245:

" 'In all doubtful matters, and where the expression is in general terms, statutes are to receive such a construction as may be agreeable to the rules of the common law in cases of that nature; for statutes are not presumed to make any alteration in common law, farther or otherwise than the act expressly declares. Therefore, in all general matters the law presumes the act did not intend to make any alteration; for, if the parliament had had that design, they would have expressed it in the act.' "

The trial judge gave expression to this rule in his refusal denying judgment notwithstanding verdict, when he said:

"At common law plaintiff and his wife have independent causes of action for negligent injuries to his wife. By statute—the guest act—the legislature has abrogated one of those causes of action belonging to the wife, namely, when she is a guest passenger in an automobile. If the legislature intended to deprive plaintiff of his cause of action, it could and presumably would have said so."

In other words, prior to the enactment of the guest statute, the negligence of a defendant, result-

ing in injuries to a married woman, constituted two legal wrongs at common law,—one to the wife, and the other to the husband. The statute cancelled the wrong to the wife, by abrogating her right of action at common law. It left existing, with a remedy, only the wrong to the husband.

The husband's cause of action, therefore, remained unaffected by the statute and on proof of defendant's negligence and damages suffered by plaintiff, he was entitled to a verdict.

Judgment should be affirmed, with costs to plaintiff.

POTTER, J., concurred with McALLISTER, J. BUTZEL, J., took no part in this decision.