[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is a personal injury action brought by a father and his son. The revised complaint contains two counts. The first count alleges that the son incurred various personal injuries, financial losses, and medical expenses as a result of an automobile accident caused by the defendants' negligence. The second count alleges that the father incurred various medical expenses as a result of his son's injuries. The defendants have moved to strike the second count asserting that it sets forth a duplicative claim for medical expenses barred by Conn. Gen. Stat. 52-204. For the reasons that follow, this motion must be denied.
Conn. Gen. Stat. 52-204 provides that,
 In any civil action arising out of personal injury or property damage, as a result of which personal injury or property damage the husband or parent of the plaintiff has made or will be contracted indebtedness, the amount of such expenditures or indebtedness may be CT Page 8367 recovered by the plaintiff, provided a recovery by the plaintiff shall be a bar to any claim by such husband or parent, except in an action in which the husband or parent is a defendant.
The Connecticut Supreme Court explained long ago that,
 When a minor child is injured by the negligent act of a third party, two causes of action immediately spring into existence; first, the right of action by the child itself for the personal injuries inflicted upon it; and second, a right of action to the parent for consequential damages, such as loss of services and expenses, caused by the injury to the child. The right of the parent to recover is independent of the right of the child.
Shiels v. Audette, 119 Conn. 75, 77, 174 A. 323 (1934). "Although General Statutes 52-204 authorizes the recovery of medical expenses in an action solely in behalf of the injured child and makes the recovery in such action a bar to any claim by the parent for such expenses, the statute does not mandate that procedure." Dzenutis v. Dzenutis, 200 Conn. 290, 308, 512 A.2d 130 (1986). The statute, in other words, is permissive rather than mandatory. Both parent and child retain the right to prosecute their separate causes of action resulting from the respective losses they have incurred because of the actions or a tortfeasor.
The motion to strike must consequently be denied.
Dated at Waterbury this 8th day of October, 1991
JON C. BLUE JUDGE OF THE SUPERIOR COURT