[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: MOTION FOR SUMMARY JUDGMENT
In this case a young minor, Anthony Pagano, has brought suit through his parents, Michael and Louise Pagano.
This is a malpractice case and, apart from the injuries alleged to have been inflicted upon the minor, Anthony, Louise Pagano claims the right to recover lost wages and impairment of earning capacity because of said injuries.
In such actions, apart from the right of the minor child to recover for personal injuries suffered, there exists a right in the parent to recover for consequential damages, such as loss of services and expenses, caused by the injury to the child. Shields v. Audette, 119 Conn. 75, 77. An essential element of the cause of action related by law in the parent, CT Page 11449 however, is that the parent cannot recover any expenses beyond that which the minor child could claim. Certainly, the minor could not claim that he was entitled to recover any lost wages or impairment of earning capacity on the part of either parent.
The defendants have filed a motion for summary judgment with respect to this claim.
For the reasons stated, the motion for summary judgment is granted.
MILTON H. BELINKIE, JUDGE REFEREE
ADDENDUM
While this memorandum was being typed, plaintiffs filed a memorandum in opposition to the defendants' motion for summary judgment. Plaintiffs' claims remain essentially the same, except that they now challenge the propriety of filing a motion for summary judgment to attack the sufficiency of their claims, asserting that the appropriate procedure should have been a motion to strike.
This claim merits little consideration. Prior to October 1, 1992, a motion for summary judgment was permitted at any time after the pleadings were closed; after October 1, 1992, only with the permission of the court, which was granted.
The plaintiffs' claim that the motion was unsupported by affidavits or other documents. This court does not require affidavits or other documents to recognize that there is no genuine issue of fact generated by the plaintiffs' claims.
Now, again turning to the plaintiffs' claims, such assert that each parent is entitled to recover for the expenses and services of the minor child because of the child's injuries and that each parent is entitled to recover for said parent's loss of income and earning capacity. With respect to the minor's expenses and loss of services, to allow each parent to make such separate recoveries would amount to a double recovery. If that is the law in this state, some other court will have to pronounce it.
With respect to the claims for loss of earning capacity, this court knows of no authority which allows a parent CT Page 11450 seeking on behalf of a minor child to recover damages which the child could not recover in its own action. Shields v. Audette, supra.
The court's ruling remains the same. The motion for summary judgment is granted.
MILTON H. BELINKIE, JUDGE REFEREE