[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANTS' MOTIONS TO STRIKE COUNT THREE OF THE PLAINTIFFS' COMPLAINT
This is an action by a mother and her infant child against several medical providers alleging negligence on the part of the defendants during the pregnancy, labor, delivery and post-delivery of the infant which caused injuries to the infant and expenses to both infant and parent.
The defendants Center for Women's Health in Connecticut, herein after referred to as "Center", Anne S. McNulty, Frederick Cohn and Jonathan Foster have each moved this court to strike Count Three of the plaintiffs' complaint for the reason that it fails to state a cause of action under Connecticut law for "recovery of medical expenditures". The defendant Center's motion uses the words "recovery of expenditures."
The plaintiffs have filed an objection to the motion to strike Count Three of the complaint.
A motion to strike is the appropriate pleading to challenge the legal sufficiency of allegations of a complaint, counterclaim, cross claim, or any counts thereof. Ferryman v. Groton, 212 Conn. 138, 142 (1989) Practice Rule Sec. 10-39. Motion to Strike.
The claim by all of the movants is identical. They argue that because in Count One the infant plaintiff, Janna, has alleged that she, "has incurred and will continue to incur expenses for medical care and treatment all to her financial loss.", the plaintiff Susan Clisham, her parent and next friend, cannot make a claim in Count Three of the complaint that she "has incurred and will continue to incur expenses for medical care, rehabilitative care, and treatment, all to her financial loss."
The defendant cite as their authority Section 52-204, General Statutes, as barring a claim by a parent for the same expenses sought by the minor child.
The plaintiffs argue that there is an inherent right in both the child and in the parent to make a claim for any such damages as may have been caused by the defendants' negligence.
When a child is injured by the negligent act of a third party, two causes of action immediately spring into existence; first, the right of action by the child itself for the personal injuries inflicted upon it; and second, a right of action to the CT Page 16186 parent for consequential damages, such as loss of services and expenses caused by the injury to the child. The right of the parent to recover is independent of the right of the child. Shiels vs. Audette, 119 Conn. 75, 77 (1934).
The plaintiffs argue that the statute does not preclude a claim by the parent, but rather a recovery by the parent for the same expenditures sought by the minor child.
That statute provides, in relevant part, "In any civil action arising out of personal injury or property damage, as a result of which personal injury or property damage the husband or the parent of the plaintiff has made or will be compelled to make expenditures . . . the amount of such expenditures may be recovered by the plaintiff, provided a recovery by the plaintiff shall be a bar to any claim by such husband or parent, except in an action in which the husband or parent is a defendant." (Emphasis added). Sec. 52-204, General Statutes.,
A review of the legislative history supports the plaintiffs' position. This statute was formerly Senate Bill 630 and it was the subject of some debate on June 6, 1951 in the legislature. On that date there was an amendment to the bill which addressed the very issue that is the subject of dispute by the plaintiffs and defendants in this case. The bill was amended by the addition of the following language. "After the word "plaintiff' was added "provided a recovery by the plaintiff shall be a bar to any claim by such husband or parent." The author of that amendment commented on the effect of the amendment by stating "It merely bars a husband or parent from making a claim if recovery is made by plaintiff." The bill was then adopted as amended. House Amendment Schedule "A" to Senate Bill No. 630. Appendix p. 121 (Vol. 4, Part 6) June 6, 1951.
The court finds that there exists in both the parent and in the minor child the right to seek compensation for expenses which are found to be the consequence of negligence on the part of the defendants, but that recovery cannot be had by both for the same damages pursuant to Section 52-204 of the General Statutes.
For the foregoing reason, the court denies the defendants' motion to strike the Third Count of the plaintiffs' complaint.
By the Court, CT Page 16187
Joseph W. Doherty Judge