KNIGHTS OF COLUMBUS *v.* CITY OF NEW HAVEN

| SUPERIOR COURT | JUDICIAL DISTRICT OF NEW HAVEN | FILE NO. 111054 |
| --- | --- | --- |

Memorandum filed November 6, 1979

*Francis E. Lamboley,* for the plaintiff.

*Dennis L. Pieragostini,* assistant corporation counsel, for the defendant.

JOHN R. THIM, STATE REFEREE. The plaintiff, the Knights of Columbus, took an appeal from the action of the board of tax review of the city of New Haven adding to the list of taxable property belonging to the plaintiff as of October 1, 1976, certain personal property located in the plaintiff's building in New Haven.

The facts are not in dispute. The plaintiff is a fraternal benefit society organized under a charter granted by the state of Connecticut in 1882 and its principal place of business is located in New Haven. On or about January 21, 1977, the New Haven assessor notified the plaintiff that for the first time the city was adding to the taxable list of October 1, 1976, property of the plaintiff in the amount of $1000. When inquiry was made by the plaintiff to the assessor's office as to the property which was added, the plaintiff was informed that the property consisted of stationery, forms, paper, pencils, typewriter ribbons, ink, erasers, file folders, envelopes and similar fungible items consumed in the plaintiff's operation. The plaintiff appealed the action of the assessor to the board of tax review, claiming that the above personal property was exempt from taxation as provided in General Statutes § 38-215. The board refused to expunge from the plaintiff's list of taxable property those supplies and materials and has continued to include those items of property in all subsequent lists.

The issue in this appeal is whether such things as stationery, forms, pens, paper, pencils, ink, erasers, file folders, envelopes, typewriter ribbons and similar fungible items consumed in the plaintiff's operation are exempt from taxation under General Statutes § 38-215 or are subject to taxation as "office equipment."

The plaintiff, a fraternal benefit society, is licensed and governed by chapter 684 of title 38 of the General Statutes. Chapter 684 is the uniform fraternal code which was prepared by the National Fraternal Congress of America in conjunction with the National Association of Insurance Commissioners. The chapter is based primarily on the law of New York governing fraternal benefit societies. The uniform fraternal code was adopted by Connecticut in 1957 and by twenty-three other states. Section 38-215 of the General Statutes, a part of the uniform fraternal code, reads as follows: "Every society organized or licensed under this chapter [684] is hereby declared to be a charitable and benevolent institution, and all of its funds shall be exempt from all state and municipal taxes other than taxes on real estate and office equipment."

The issue of the meaning of the words "office equipment" as used in § 38-215 appears to be one of first impression in Connecticut and in other states which have adopted the uniform fraternal code. In the ascertainment of legislative intent, words are to be given their commonly approved meaning. *State* v. *Springer,* 149 Conn. 244, 248; *McAdams* v. *Barbieri,* 143 Conn. 405, 416.

Section 38-215 declares that every society organized and licensed under chapter 684 is a charitable and benevolent institution and that "all of its funds shall be exempt . . . ." The word "funds" has been defined as a generic term which is all embracing and which in its broad meaning includes property of every kind. *In re Estate of Plich,* 141 Colo. 425, 429; *In re Tatum,* 61 App. Div. 513, 516 (N.Y.); *Goggans* v. *Simmons,* 319 S.W.2d 442, 445 (Tex. Civ. App.). Thus, under § 38-215 all property of every kind of a fraternal benefit society is exempt from all state and municipal taxation with two exceptions— real estate and office equipment. There is no dispute

between the parties as to the meaning and taxability of real estate. Since no courts have defined "office equipment" as used in § 38-215, it is necessary to look to other areas of the law to ascertain whether the courts distinguish equipment from other similar fungible items consumed in the course of operation.

In defining "supplies" as used in a statute concerning the furnishing of supplies to all county officers, the South Dakota Supreme Court stated that the term "supplies" clearly signifies pencils, paper, rubber bands, blanks, ink, stationery, blank books and articles of that description required and constantly used by county officers. *Dewell* v. *Board of Commissioners,* 8 S.D. 452, 454.

In interpreting a Maryland statute which exempted from taxation equipment owned by a charitable or benevolent institution, the Maryland Supreme Court stated that the word "equipment" is "a term which plainly means the visible, tangible furniture, fixtures and apparatus on the premises, which are usual and necessary for the operations there conducted." It clearly embraces the library and silverware as well as the necessary furniture of a college building. *Appeal Tax Court of Baltimore City* v. *St. Peter's Academy,* 50 Md. 321, 346.

In the area of law concerning building contractors, the Washington Supreme Court distinguished materials and supplies from equipment. The word "materials" includes such articles only as enter into and form a part of the finished structure, or, it may be, such articles as are capable of being so used and are furnished for that purpose; while "equipment" is the outfit necessary to enable the contractor to perform the agreed service: the tools, implements and appliances which might have been previously used or which might be subsequently used by the contractor in carrying on other work

of like character. *United States Rubber Co.* v. *American Bonding Co.,* 86 Wash. 180, 182. Further, the court stated that "supplies" would be any articles furnished for carrying on the work which, from their nature, are necessarily consumed by use in the work, while "equipment" would consist of those articles that are not necessarily so consumed, but which may survive the particular work and be further used on work of like character. Id., 184. See also *National Surety Co.* v. *Bratnober Lumber Co.,* 67 Wash. 601.

Moreover, in a later case concerning public contractors' bonds and materialmen's liens, the Washington Supreme Court stated that the test of whether a given thing constitutes a "supply" or a piece of "equipment" within the meaning of the statute relating to public contractors' bonds and materialmen's liens is whether the article forms a part of the finished structure. In addition, if, although such things do not become a physical part of the finished product, structure or improvement, they are entirely consumed in the course of construction, they are supplies and not equipment. *United States Fidelity & Guaranty Co.* v. *Dupont & Co.,* 197 Wash. 569, 576.

It is an established principle of case law that courts strive to adopt that construction of a statute which best effectuates the legislative purpose. *Logan Lanes, Inc.* v. *Brunswick Corporation,* 378 F.2d 212, 216 (9th Cir.); *Evening Sentinel* v. *National Organization for Women,* 168 Conn. 26, 29. The plaintiff contends that the purpose of § 38-215 and of similar statutes adopted by other states is to free from taxation as much property of a society as possible and as many funds of a society as possible to enable the society to carry out its fraternal, charitable and benevolent work. It has long been recognized that a state or municipality

benefits more by having a fraternal society directly perform its benevolent and charitable work in the area rather than by having the taxing entity tax the society and then attempt to provide those benefits through tax revenue. In Connecticut alone the members of the Knights of Columbus donated over $140,000 for charitable, benevolent and youth activities in 1978, while other fraternal organizations in the state donated an additional $49,000 for similar activities during the same period.

The legislature realizes, and the plaintiff admits, that the cities and towns of Connecticut do provide a fraternal benefit society with necessary services such fire protection, police protection, etc., and that the society must pay for those services. Hence, the tax on real estate and office equipment is proper and is in accord with the overall tax treatment of fraternal societies.

In 1977, the Knights of Columbus paid $629,458.56 in real estate taxes and $65,637.78 in personal property taxes; in 1978, $612,386.05 in real estate taxes and $75,475.56 in personal property taxes; in 1979, $549,368.52 in real estate taxes and $75,707.27 in personal property taxes. The defendant's attempt, however, to subject more and more property of a fraternal society to taxation will prove to be self-defeating, in that it will lessen the availability of the property and funds of a fraternal society for benevolent and charitable purposes. As a fraternal society pays more and more taxes, it will have less and less with which to carry out its charitable and benevolent activities.

Applying the aforesaid principles of law to the evidence presented in this matter, the court concludes that the term "office equipment" as used in § 38-215 does not include office supplies, materials and similar fungible items and that such property is exempt from taxation.

Judgment may enter directing the board of tax review and the assessor to remove the items of property hereinbefore noted from the taxable list of October 1, 1976, and from all subsequent lists, and to reimburse the plaintiff for any overpayment of taxes.