BEATRICE DRAZEN, EXECUTRIX (ESTATE OF CHARLES L. DRAZEN) ET AL. *v.* BARRIE H. DRAZEN ET AL.

COTTER, C. J., BOGDANSKI, PETERS, PARSKEY and DALY, Js.

Argued March 12—decision released May 13, 1980

*David M. Reilly, Jr.,* for the appellants (plaintiffs).

*Daniel Green,* for the appellee (defendant Thrifty's Home Centers, Inc.).

BOGDANSKI, J. The plaintiff,[1] a foreclosed junior mortgagee, brought this action to recover the rental

[1] The plaintiff, Beatrice Drazen, Executrix of the Estate of Charles E. Drazen, and First Bank, Trustee, are treated as one and the same.

payments reported as due but uncollected by a court-appointed receiver. The defendant,[2] the tenant in the foreclosed premises, filed a motion to strike alleging that the revised complaint was legally insufficient. The trial court granted the motion to strike concluding that the plaintiff had no standing or legal basis to support a claim against the defendant tenant. From the judgment rendered, the plaintiff has appealed.

For the purposes of this appeal the following facts are not in dispute.[3] On May 9, 1973, the New Haven Savings Bank (the bank) made a loan of $775,000 to the General Finance and Mortgage Company (General Finance). The loan was secured by a first mortgage on property located at 85 Washington Street, North Haven. On the same day General Finance executed a second mortgage to the plaintiff to secure a debt of $268,000.

In November of 1974, the bank commenced a foreclosure of its mortgage on the Washington Street property. On February 11, 1975, the court rendered a judgment of strict foreclosure and appointed a receiver of rents.

Between February 11, 1975, and November 21, 1975, the defendant occupied the Washington Street property and agreed with the receiver that it would

[2] The original complaint, naming Barrie H. Drazen as the defendant, was amended to bring a second count against Thrifty's Home Centers, Inc., a Connecticut corporation of which the named defendant is the sole stockholder. The motion to strike was filed by the corporate defendant.

[3] For the purpose of deciding the defendant's motion to strike, the allegations contained in the plaintiff's revised complaint are deemed to have been admitted. *Alarm Applications Co.* v. *Simsbury Volunteer Fire Co.*, 179 Conn. 541, 545, 427 A.2d 822 (1980).

pay a monthly rental of $3666.66 for the use of that property. The defendant made such payments through the first half of August 1975.

Title vested in the bank on November 18, 1975. On January 15, 1976, the plaintiff moved that the receiver be ordered to file an accounting and that the net proceeds of the rents collected be paid to the plaintiff. The receiver thereafter filed an accounting showing the rents collected and those due but uncollected. The bank moved that the accounting be approved and that the net proceeds of the rents collected be paid to it. The trial court approved the accounting but denied the bank's motion. The court determined that the *net rentals* were *due and payable* to the plaintiff and ordered that all rents on hand be paid to the plaintiff. General Finance did not appeal that order.

On the appeal brought by the bank, this court held that the trial court did not err in denying the bank's claim and in ordering the proceeds to be paid to the plaintiff. *New Haven Savings Bank* v. *General Finance & Mortgage Co.,* 174 Conn. 268, 386 A.2d 230 (1978).

During the pendency of the foreclosure proceedings, the defendant was represented by the same attorneys who represented General Finance. Since the principal officers of General Finance and the defendant were the same, the defendant had actual knowledge of the foreclosure proceedings at which the parties were at issue as to whom the rentals were payable. The $268,000 debt which was secured by the second mortgage to the plaintiff remains wholly unpaid except for the net rents actually collected by the receiver.

The correctness of granting a motion to strike is determined upon the basis of the facts which may properly be proved under allegations of the revised complaint,[4] and these are to be given the same favorable construction that the trier would adopt in admitting evidence under them. *Alarm Applications Co.* v. *Simsbury Volunteer Fire Co.,* 179 Conn. 541, 545, 427 A.2d 822 (1980). The allegation that the Superior Court in the foreclosure proceedings determined that net rentals were due and payable to the plaintiff is sufficient to demonstrate that the plaintiff has an equitable interest in the rents owed by the defendant. Such an interest provides a sufficient legal basis to bring this action.

There is error, the judgment is set aside and the case is remanded with direction to overrule the motion to strike.

In this opinion the other judges concurred.

---

[4] The plaintiff also alleged in its motion to reargue the granting of the defendant's motion to strike that the receiver was discharged from collecting further rents tendered to him and was never authorized to sue for rents uncollected. The effect of the trial court's action, therefore, was to preclude the collection of rents which had already been judicially determined to be due and payable to the plaintiff.