Joseph COLLUCCI, et al.,

v.

SEARS, ROEBUCK & COMPANY.

Civ. No. N–81–276 (PCD).

United States District Court, D. Connecticut.

May 10, 1984.

Michael J. Dorney, Tyler, Cooper & Alcorn, New Haven, Conn., for plaintiffs.

James H. Rotondo, Day, Berry & Howard, Hartford, Conn., for defendant.

## RULING ON PENDING MOTIONS

DORSEY, District Judge.

Plaintiffs assert a cause of action for product liability. Pending is defendant's motion for summary judgment on the basis that:

(a) the Connecticut Products Liability Act (Act), P.A. 79–483, Conn.Gen.Stat. §§ 52–572m, *et seq.*, does not apply to this case since the underlying sale occurred prior to the effective date of the Act and under the controlling statute of limitations, the action is time barred; and

(b) even if plaintiffs' complaint were couched in terms of multiple or alternative causes of action in negligence, strict tort liability and/or breach of warranty (which plaintiffs now seek leave to add by amendment), same would be barred by the controlling statute of limitations.

The pertinent time schedule is as follows:

(a) July 20, 1972, the product was purchased.

(b) June 18, 1978, plaintiff sustained injury.

(c) June 11, 1981, this action was commenced.

There are several sequential, pertinent statutory enactments:

(a) Conn.Gen.Stat. § 52–577 bars actions in tort unless brought within three years from the date of the act or omission complained of or the tort involved is subject to a separately-enumerated statute of limitations.

(b) Conn.Gen.Stat. § 52–584 bars actions in negligence unless brought within two years of the injury or its discovery and not more than three years from the act or omission complained of.

(c) Conn.Gen.Stat. § 42a–2–725, bars actions on contracts for sale, including breach of warranty, unless brought within four years after accrual.

(d) Conn.Gen.Stat. § 52–577a (original), enacted in 1976, after strict tort liability claims were held to be subject to § 52–577 in *Prokolkin v. General Motors Corp.*, 170 Conn. 289, 365 A.2d 1180 (1976) permitted an action for product defects to be brought within three years of the injury or its discovery but only within eight years of the sale, lease or bailment of the product.

(e) Conn.Gen.Stat. § 52–577a (revised), enacted effective October 1, 1979, as part of the Act, § 3, provides the same three year period as the original § 52–577a and extends the statute of repose from eight years to ten years.

The injured party was Joseph Collucci. Plaintiff Rose Lorraine Collucci asserts a derivative claim for loss of consortium. Plaintiffs will be treated and referred to as one.

In 1978, the year of plaintiffs' injury, they were entitled to state their products claim in multiple counts under the theories of negligence, strict tort liability and/or breach of warranty. On October 1, 1979, the adoption of the Act preempted the field of product liability in Connecticut. Thus:

> A product liability claim ... may be asserted and shall be in lieu of all other claims against product sellers, including actions of negligence, strict tort liability and warranty, for harm caused by a product.

Conn.Gen.Stat. § 52–572n(a).

A consolidated product liability claim was thus created and specified to include the varied theories on which such actions were usually brought prior to that time. There are some very clear and strong suggestions that the Connecticut legislature intended a simplified single theory of pleading, in effect embracing the previously used three theories and at the same time displacing them as procedural vehicles:

> "Product liability claim" includes all claims ... for ... injury, death or property damage caused by ... any product. [§ 52–572m(b)]
>
> "Product liability claim" shall include ... actions based on the following theories: strict liability in tort; negligence; breach of warranty, express or implied; .... [§ 52–572m(b)]
>
> A product liability claim ... shall be in lieu of all other claims ... including actions of negligence, strict tort liability and warranty .... [§ 52–572n(a)]

Prior to October 1, 1979, claims in strict liability arising out of product defects accruing after June 4, 1976, were limited as to the time within which they were to be brought by § 52–577a (original), and its eight year statute of repose. The amendment of § 52–577a, as part of the Act, effective October 1, 1979, specified its application to product liability claims as defined in § 52–572m. *See* § 52–577a(e), (d) and (a). That language was clearly intended to exhaust the field. It is unlikely that the amendment of § 52–577a was intended to leave strict tort liability as a viable cause of action but without a time-limiting provision. Clearly the legislature intended to erase the strict tort theory as a procedure for presenting a product liability claim and then there would be no need for a limitation on the bringing of such an action.

What the legislature failed to do was to accommmodate those causes of action which accrued prior to the effective date of the Act, October 1, 1979, but had not been brought to court. It must have been thought that the field was exhausted as the Act's limitation was to:

> apply to all product liability actions pending on or brought after October 1, 1979.

1979, PA 79–631, § 107, but was shortly thereafter amended to

> apply to all product liability claims brought on or after October 1, 1979.

§ 52–577a.

■ Into this void have stepped several Connecticut Superior Court Judges, though no Supreme Court ruling has issued on the subject. Applying the general rule that substantive rights may not be amended retrospectively by legislative enactment, *Cersosimo v. Cersosimo*, 188 Conn. 385, 449 A.2d 1026 (1982); *East Village Associates, Inc. v. Monroe*, 173 Conn. 328, 332, 377 A.2d 1092 (1977); *American Masons' Supply Co. v. F.W. Brown Co.*, 174 Conn. 219, 222–23, 384 A.2d 378 (1978) and Conn. Gen.Stat. § 53–3, absent an unequivocal expression that retrospective effect was intended, *Hunter v. Hunter*, 177 Conn. 327, 331, 416 A.2d 1201 (1979); *Michaud v. Fitzryk*, 148 Conn. 447, 449, 171 A.2d 397 (1961), motions to preclude the use of the simplified pleading procedure of the Act

for claims arising prior to October 1, 1979, have universally been granted by the Superior Court. *Goldenberg v. Corporate Air, Inc.*, Docket No. 242296, Judicial Dist. Hartford/New Britain (Oct. 26, 1981); *DeMerchant v. Airport Truck Center*, 7 Conn.L.Trib. No. 5 at 14 (Dec. 17, 1980); *Harris v. United Vintner, Inc.*, 7 Conn.L. Trib. No. 2 at 20 (Oct. 31, 1980); *Rodriguez v. Walenty Machinery Sales Co.*, 6 Conn. L.Trib. No. 29 at 16 (June 30, 1980); *Mironick v. Johns-Manville Sales Corp.*, Docket No. 188357, Judicial Dist. New Haven (July 24, 1981); *Liberty Mutual Ins. Co. v. Ford Motor Co.*, 6 Conn.L.Trib. No. 39 at 14 (Sept. 5, 1980). These decisions, comparing the Act with the law prior to October 1, 1979, have found numerous changes of a substantive nature in the Act with no imperative or clear legislative intent to apply the same retrospectively, and thus hold the Act not to merit retrospective application.

These cases have failed to account for the explicit language which purported to erase the common law actions from the legal vernacular. What might readily have been done was to consider separately the Act's substantive and procedural ramifications, allowing the latter provisions to be applied retrospectively and applying the substantive provisions only prospectively. ■ Under this view, plaintiffs' chosen form of pleading is not defective, nor is their action time-barred. A statute of limitations is generally considered to be procedural, especially where the statute contains only a limitation as to time with respect to a right of action and does not itself create the right of action. *Jones Destruction, Inc. v. Upjohn*, 161 Conn. 191, 195, 286 A.2d 308 (1971). Similarly, except where a remedy or limitations provision is inseparable from the cause of action, limitations provisions are generally deemed procedural for diversity choice of law rules under *Klaxon v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941). *See, e.g., Diamond Nat'l Corp. v. Dwelle*, 164 Conn. 540, 325 A.2d 259 (1973); *Brown v. Merrow Mach. Co.*, 411 F.Supp. 1162 (D.Conn.1976). Thus, the limitations provision of the Act, revised § 52–577a, merits retrospective application and plaintiffs' failure to file suit within the limitations period of original § 52–577a is of no moment.

■ Further, there is no reason why after October 1, 1979, a complaint cannot be pleaded as a consolidated product liability claim thus embracing the negligence, strict tort and warranty claims (§ 52–572m(b)), while preserving and being controlled by the substantive law as it stood on September 30, 1979, if the action was based on facts which occurred on or before that date. Such in fact would appear to be the literal mandate of the Act.

Here, plaintiffs followed that mandate. They may also have followed the lead of Chief Judge Clarie's decision which, contrary to the state lower court position, struck claims worded in terms other than as a consolidated product liability claim (under P.A. 79–483) as not permitted after October 1, 1979, by reason of the Act. *Winchell v. Eli Lilly & Co.*, Civil No. B–80–170, 7 Conn.L.Trib. No. 2 at 9 (D.Conn. Jan. 12, 1981). To grant defendant's motion would exalt form over substance. Pleadings in the federal court are intended to give notice of the claim in one form of action. Rule 8(a)(2), Fed.R.Civ.P., requires no more than "a short and plain statement of the claim showing that the pleader is entitled to relief." There is no magic to the claim's being denominated as a product liability claim as opposed to a strict tort liability claim. Plaintiffs assert and defendant thus knows that plaintiffs seek money damages because they were damaged because defendant's product was defective. Pursuant to the Act, as brought after October 1, 1979, plaintiffs thought they were supposed to say so in terms of a consolidated product liability claim. The court views their doing so to be of no significant moment, especially inasmuch as their claim will be judged on the basis of the rights and obligations pertaining prior to October 1, 1979, and not substantively under the Act.

Thus, plaintiffs' complaint is deemed to have articulated the claims which the Act has decreed to be denominated as a product liability claim. To the extent the claim might be deemed to assert a breach of warranty, it would be barred by Conn.Gen. Stat. § 42a–2–724, as brought more than four years after the sale. To the extent it might be deemed to assert a claim in negligence, it would be barred by § 52–584, as not brought within two years of the injury. To the extent it might be deemed to assert a claim in strict tort liability, it would have been brought within three years of the injury, but, while brought within ten years of the sale (§ 52–577a as revised in 1979), it was not brought within eight years of the sale as required by § 52–577a as in effect from 1976 to October 1, 1979. To the extent the 1979 Act amended the statute of limitations governing actions in strict tort liability that could timely be filed as of October 1, 1979, it should be deemed to have retrospective application, for the reasons set forth above. Thus, the claim in strict tort liability will not be barred by the statute of limitations.

Accordingly, defendant's motion for summary judgment is denied except as it is granted to bar a claim in breach of warranty and a claim in negligence, both of which are barred, except conceivably a claim in continuing negligence for failure to warn.

If plaintiffs wish to make their claim more explicit, notwithstanding the foregoing ruling, they may request reconsideration of their motion for permission to amend their complaint, which for now, is denied without prejudice as moot.

To accord retrospective application to the Act's extended statute of limitations provision and to allow to stand a complaint styled in the form prescribed by the Act for a cause of action which accrued prior thereto involves no violation of the rules of legislative effectiveness. Nor would it leave a gap as to how a plaintiff after October 1, 1979, is to plead a product liability claim which accrued before and is not time-barred as of that date.

SO ORDERED.