## LOIS A. MCILWAIN *v.* MOSER FARMS DAIRY, INC., ET AL.

SUPERIOR COURT     JUDICIAL DISTRICT OF     FILE NO. 77535
NEW LONDON

Memorandum filed January 2, 1985

*Dupont & Tobin,* for the plaintiff.

*Naab & Danforth,* for the named defendant.

*Halloran, Sage, Phelon & Hagarty,* for the defendant Cumberland Corporation.

VASINGTON, J. The plaintiff brings this action to recover from the defendants for injuries she allegedly sustained when a product owned by the defendant Moser Farms Dairy, Inc., and manufactured by the defendant Cumberland Corporation (Cumberland) fell on her. The plaintiff's complaint is in three counts; strict liability pursuant to General Statutes § 52-572m et seq., negligence and implied warranty.

The defendant Cumberland moves to strike the second and third counts on the grounds that the causes of action alleged in those counts, negligence and implied warranty, cannot be asserted simultaneously with a claim for strict product liability, as set forth in the first count, pursuant to General Statutes § 52-572n.

A motion to strike tests the legal sufficiency of any complaint or any one or more counts thereof. Practice Book § 152; *Tango* v. *New Haven,* 173 Conn. 203, 205, 377 A.2d 284 (1977). All well pleaded facts are deemed admitted for the purpose of the motion. *Amodio* v. *Cunningham,* 182 Conn. 80, 83, 438 A.2d 6 (1980). In passing on the motion, the court must construe the facts pleaded in a way most favorable to the pleader. *Verdon* v. *Transamerica Ins. Co.,* 187 Conn. 363, 365, 446 A.2d 3 (1982); *Drazen* v. *Drazen,* 180 Conn. 572, 575, 430 A.2d 1288 (1980).

General Statutes § 52-572m (b) states that: " 'Product liability claim' includes all claims or actions brought for person injury, death or property damage caused by the manufacture, construction, design, formula, preparation, assembly, installation, testing, warnings, instructions, marketing, packaging or labeling of any

product. 'Product liability claim' shall include, but is not limited to, all actions based on the following theories: Strict liability in tort; negligence; breach of warranty, express or implied; breach of or failure to discharge a duty to warn or instruct, whether negligent or innocent; misrepresentation or nondisclosure, whether negligent or innocent." General Statutes § 52-572n (a) states: "A product liability claim . . . may be asserted and shall be in lieu of all other claims against product sellers, including actions of negligence, strict liability and warranty, for harm caused by a product."

In the interpretation of statutes, the intent of the legislature is to be found not in what it meant to say, but in what it did say; *Gomeau* v. *Forrest,* 176 Conn. 523, 526, 409 A.2d 1006 (1979); and the statute should not be read in any way to defeat its purpose. *Gomeau* v. *Forrest,* supra, 527; *Knights of Columbus* v. *New Haven,* 36 Conn. Sup. 63, 411 A.2d 50 (1979). The court must generally interpret statutes as they are written; *Liistro* v. *Robinson,* 170 Conn. 116, 129, 365 A.2d 109 (1976); and the words used must generally be accorded their natural and usual meaning. General Statutes § 1-1 (a); *Jones* v. *Civil Service Commission,* 175 Conn. 504, 509, 400 A.2d 721 (1978). The term "may" imparts discretion. *Ridgeway* v. *Ridgeway,* 180 Conn. 533, 540, 429 A.2d 801 (1980). The term "shall" refers to a mandatory requirement. *Executive Rental & Leasing, Inc.* v. *Gershuny Agency, Inc.,* 36 Conn. Sup. 567, 568, 420 A.2d 1171 (1980).

Section 52-572n (a) states that a product liability claim *"may be asserted"* and if so asserted, it *"shall be in lieu of all other claims . . . ."* (Emphasis added.) If the legislature intended that § 52-572n (a) was to be the exclusive remedy for product liability claims against products sellers it could have so stated. If the legisla-

ture intended to allow a party to plead the statute and the common law theories simultaneously, it would have used the word "may" in both occasions.

General Statutes § 52-572n indicates that a party has the option of pleading the common law theories or pleading under the statute. It does not abolish the use of common law theories but it does preclude their use when an action is brought pursuant to such statute. A statute which creates a new remedy for a right already existing under the common law is generally directory only, and does not preclude the use of the common law remedies. *Krulikowski* v. *Polycast Corporation,* 153 Conn. 661, 667, 220 A.2d 444 (1966).

The plaintiff should have the right to determine whether to proceed upon the common law counts or the statutory count by deleting counts two and three or count one.[1]

If the plaintiff makes such election within thirty days, the defendant's motion to strike is denied, otherwise it is granted.

---

[1] It should be noted that the conduct of the plaintiff in a claim brought under General Statutes § 52-572m et seq. is governed by General Statutes § 52-572o (comparative responsibility) while in a negligence count the plaintiff's conduct is governed by the Connecticut comparative negligence doctrine.