Leonard SAVONA and Marco Savona,

v.

GENERAL MOTORS CORPORATION and Chestnut Fleet Rental, Inc.

Civ. No. H–84–1281.

United States District Court, D. Connecticut.

May 16, 1985.

---

Elizabeth Schlaff, O'Brien & Tanski, Hartford, Conn., for plaintiff.

Daniel L. FitzMaurice, Francis H. Morrison, III, Day, Berry & Howard, Hartford, Conn., for defendant General Motors Corp.

Thomas P. Cella, Howard, Kohn, Sprague & Fitzgerald, Hartford, Conn., for defendant Chestnut Fleet Rental, Inc.

## RULING ON MOTIONS TO DISMISS

BLUMENFELD, Senior District Judge.

This is a diversity action arising out of an automobile collision which took place on May 30, 1983, in Plainville, Connecticut. The plaintiff Leonard Savona alleges that while he was driving his 1980 Pontiac Phoenix, which was manufactured by the defendant General Motors Corporation and sold by the defendant Chestnut Fleet Rental, Inc., the brakes of the car malfunctioned and "locked" into position, causing the plaintiff to lose control of the vehicle and to collide with a telephone pole. Plaintiff sustained severe injuries.

The complaint sets forth seven counts. The First Count seeks to impose liability upon the defendants pursuant to certain subsections of Connecticut General Statutes § 52–572, the Connecticut Product Liability Act (the "Act"). Counts Two through Six allege causes of action which may be delineated as follows:

Second Count—breach of implied and express warranties;

Third Count—breach of duty to warn and/or instruct;

Fourth Count—negligence;

Fifth Count—strict liability in tort;

Sixth Count—willful and wanton misconduct in reckless disregard of consumers' rights.

The Seventh Count of the complaint seeks recovery for medical and other expenses incurred by plaintiff Leonard Savona's father, Marco Savona, in connection with the injuries sustained by Leonard Savona as a consequence of this accident.

The defendants have moved to dismiss Counts Two through Six as well as Count Seven of the complaint. They seek to have Counts Two through Six dismissed as improperly alleged in conjunction with a count under the Connecticut Product Liability Act (Count One), and they seek to have Count Seven dismissed arguing that absent an allegation that the plaintiff-son is a minor, imposing upon the plaintiff-father the legal obligation to pay his son's medical expenses, the Seventh Count fails to state a cause of action for which relief may be granted. The plaintiffs oppose the defendants' motions to dismiss.

Oral argument having been heard, and memoranda of law having been submitted by all parties, the motions to dismiss will be ruled on in the order that the counts sought to be dismissed appear in the complaint.

I. *Counts Two through Six: Pleading Under The Connecticut Product Liability Act*

■ The question raised on this motion is whether the pleading of a claim under the Connecticut Product Liability Act precludes a plaintiff from alleging, in additional separate counts, causes of action arising out of the same facts based upon traditional common law theories such as negligence, breach of warranty, or strict tort liability. The first source of guidance in resolving this question is, of course, the statute itself.

Connecticut General Statutes § 52–572m(b) defines a product liability claim as follows:

(b) "Product liability claim" includes all claims or actions brought for personal injury, death or property damage caused by the manufacture, construction, design, formula, preparation, assembly, installation, testing, warnings, instruc-

tions, marketing, packaging or labeling of any product. *"Product liability claim" shall include, but is not limited to, all actions based on the following theories: Strict liability in tort; negligence; breach of warranty, express or implied; breach of or failure to discharge a duty to warn or instruct, whether negligent or innocent; misrepresentation or nondisclosure, whether negligent or innocent.*

(Emphasis added.) Further, Connecticut General Statutes § 52–572n(a) provides:

(a) A product liability claim may be asserted ... and shall be in lieu of all other claims against product sellers, including actions of negligence, strict liability and warranty, for harm caused by a product.

The express language of the statute bars multiple count pleading of common law causes of action in conjunction with a count seeking damages for injuries based on a "product liability" claim under the statute. Furthermore, this construction of the statute has been adopted in several decisions of Connecticut state and federal courts. In *Winchell v. Eli Lilly and Company,* 7 Conn.L.Trib. No. 2, p. 9 (D.Conn. Jan. 12, 1981) this court, per Judge Clarie, held that both common law and statutory theories cannot be pled simultaneously under the Connecticut Product Liability Act due to the express statutory language that the product liability claim "shall be in lieu of all other claims." In *Winchell* the court explicitly stated that "This simplification of pleading as expressly stated in the statute was intended to be used in place of the customary multiplicity of separate counts and allegations." Similarly, in *Collucci v. Sears, Roebuck and Co.,* 585 F.Supp. 529 (D.Conn.1984), Judge Dorsey noted that up until the effective date of the Product Liability Act, plaintiffs "were entitled to state their products claims in multiple counts under the theories of negligence, strict tort liability, and/or breach of warranty." However, as the Judge explained:

On October 1, 1979, the adoption of the Act preempted the field of product liability in Connecticut....

A consolidated product liability claim was thus created and specified to include the varied theories on which such actions were usually brought prior to that time. There are some very clear and strong suggestions that the Connecticut legislature intended a simplified single theory of pleading, in effect embracing the previously used three theories and at the same time displacing them as procedural vehicles.

*Id.* at 531.

Most recently, the Connecticut Superior Court adhered to the reasoning followed by the District Court and required a plaintiff to elect to proceed upon the common law or statutory counts, but not both:

> Section 52–572n(a) states that a product liability claim *"may be asserted"* and if so asserted, it *"shall* be in lieu of all other claims...." (Emphasis added.) If the legislature intended that § 52–572n(a) was to be the exclusive remedy for product liability claims against products sellers it could have so stated. If the legislature intended to allow a party to plead the statute and the common law theories simultaneously, it would have used the word "may" in both occasions.

*McIlwain v. Moser Farms Dairy, Inc.*, 40 Conn.Sup. 230, 232–33, 488 A.2d 102 (1985).

The only cases discussing this question which have reached a contrary conclusion are *Parker v. Richardson Merrill*, 3 Conn. L.Trib. No. 37, p. 12 (Conn.Super.Ct. Sept. 13, 1982), and *Liberty Mutual Insurance Co. v. Ford Motor Co.*, 6 Conn.L.Trib. No. 39, p. 14 (Conn.Super.Ct. Sept. 29, 1980). To the extent that the *Liberty* and *Parker* courts held that it is not inconsistent with the Product Liability Act to continue to allege in separate counts separate legal theories such as negligence, breach of warranty, and strict tort liability, in addition to a separate count alleging a product liability claim under the Act, this court respectfully disagrees. The proper way to plead a product liability claim under the Act is to allege all theories of recovery, perhaps in separate paragraphs, under one count of the complaint. The Act clearly abolishes the right of a plaintiff to allege separate causes of action in separate counts under traditional theories of recovery as well as a count under the Act. However, the Act certainly retains the plaintiff's right to allege the traditional theories of recovery along with the statutory basis for recovery under one unified count denominated as a "product liability claim."

The reason that this question is not purely one of forms of pleading is that there are several substantive consequences associated with the pleading requirements under the Product Liability Act. First, as Judge Clarie noted in *Winchell v. Eli Lilly,* the limitation of action on all product liability claims (regardless of the theoretical basis for the claim) is statutorily synchronized under Conn.Gen.Stat. § 52–577a so as to apply uniformly to all actions derived from the product-related injury. Another substantive difference arising out of pleading a product liability claim under the Act was noted by Judge Vasington in *McIlwain v. Moser Farms Dairy, supra,* at 233 n. 1, 488 A.2d 102. A claim of negligence brought under Conn.Gen.Stat. § 52–572m *et seq.* is governed by Conn.Gen.Stat. § 52–572o (comparative responsibility) while a common law negligence claim is governed by the Connecticut comparative negligence doctrine.[1]

In light of the express language of the Connecticut Product Liability Act, the cases construing that Act, and the substantive consequences that may vary with the

---

1. The Connecticut comparative negligence statute, found in Conn.Gen.Stat. § 52–572h(a), is an example of the "modified form" of comparative negligence, where the plaintiff only recovers if the negligence chargeable to him is not as great as the percentage chargeable to the defendant and the plaintiff's damages are diminished in proportion to his negligence. The comparative responsibility to be applied in product liability claims, as provided in Conn.Gen.Stat. § 52–572o, is an example of the "pure form" of comparative negligence, where plaintiff's damages are diminished in proportion to the plaintiff's negligence and the plaintiff recovers whether or not the plaintiff's negligence is greater than defendant's negligence. *See generally* Yules, *Defenses in a Connecticut Product Liability Case,* 57 Conn.Bar J. 441 (1983).

form of pleading, common law theories of recovery may not be alleged in separate counts in conjunction with a count under the Connecticut Product Liability Act. Accordingly, Counts Two through Six of the plaintiffs' complaint are dismissed.

■ The court notes, however, that the plaintiffs are free to move to amend their complaint in order to further specify which traditional common law theories of recovery they are asserting under the unified product liability claim alleged in Count One.

## II. *Count Seven: Recovery Under Conn.Gen.Stat. § 52–204*

In the Seventh Count of the complaint the plaintiffs allege:

> As a result of defendants' actions as set forth in the First through Sixth Counts inclusive which caused Leonard Savona's injuries and losses all as outlined above, the plaintiff Marco Savona has incurred substantial expenses for hospital, medical, x-rays, prescriptions, ambulance and other services for his son Leonard Savona and will or may be required to incur further expenses in the future.

The defendants seek to dismiss this count characterizing it as a claim by plaintiff Marco Savona to recover medical expenses incurred by him for his son Leonard Savona. They argue that since Connecticut recognizes the right of a parent to recover medical expenses for a child only where the child is a minor, *Krause v. Almor Homes, Inc.*, 147 Conn. 333, 335, 160 A.2d 753 (1960); *Shiels v. Audette*, 119 Conn. 75, 77, 174 A. 323 (1934), and since the Seventh Count does not allege that Leonard Savona is a minor, it fails to state a claim upon which relief can be granted and should be dismissed.

Plaintiffs argue in response that their claim in the Seventh Count of the complaint is based on Conn.Gen.Stat. § 52–204 which states in relevant part:

> In any civil action arising out of personal injury or property damage, as a result of which personal injury or proper-

ty damage the ... parent of the plaintiff has made or will be compelled to make expenditures or has contracted indebtedness, the amount of such expenditures or indebtedness may be recovered by the plaintiff, provided a recovery by the plaintiff shall be a bar to any claim by such ... parent, except in an action in which the ... parent is a defendant.

The plaintiffs note that the statute does not explicitly state that in order for a plaintiff child to be permitted to recover the amount expended by his parent, he must be a minor. The plaintiffs argue that absent such an explicit statement the statute must be interpreted to mean that a plaintiff child may recover what is expended on his behalf by his parent whether or not he is a minor. The plaintiffs also argue that the parent has a cause of action to recover his expenses on behalf of his child whether the plaintiff child is a minor or not.

Plaintiffs' reliance on Conn.Gen.Stat. § 52–204 is misplaced. Section 52–204 merely provides a vehicle by which a plaintiff child can recover expenses incurred by his parent in lieu of that parent bringing a cause of action on his own behalf. That is, the statute codifies the right of a parent to transfer his interest in recovering expenses of those he is obligated to support, *Petro v. Radcliffe*, 7 Conn.Sup. 479 (1939), and specifically gives the child the right to bring the action in his own name. Section 52–204 cannot be viewed as a basis upon which a *parent* can file a claim in his own behalf. Rather, it only confers a right *as a party* upon the child. Furthermore, the right it confers is limited to the right of accepting an assignment or transfer of a cause of action that was independently held by the parent. It does not create any new rights of recovery that did not already exist in the parent. The question, therefore, becomes whether by statute or at common law a parent has an independent cause of action to recover expenses incurred as a result of personal injury to a child not a minor. If so, that cause of action may be transferred to the child, and the child may pursue it pursuant to Conn.Gen.Stat. § 52–204. If

there is no independent cause of action accruing to the parent, section 52–204 cannot be read to create one either in the child or in the parent.

The plaintiffs have failed to point to any state statute or common law precedent which stands for the proposition that a parent has an independent cause of action to recover expenses incurred as a result of personal injury to a child not a minor. The only Connecticut cases discussing the independent rights of parents to recover such expenses (or damages for loss of the child's services) are cases in which the child involved was a minor. *See, e.g., Krause v. Almor Homes, Inc., supra; Shiels v. Audette, supra.* The burden is on the plaintiffs here to allege a cause of action recognized by Connecticut law. This they have failed to do. Absent an independent cause of action in the parent, the child cannot rely on Conn.Gen.Stat. § 52–204 to recover expenses incurred by the parent. Thus, whether the plaintiffs are attempting to state a cause of action in the name of Leonard Savona or in the name of Marco Savona, their reliance on Conn.Gen.Stat. § 52–204 as a basis for the cause of action is misplaced. Nor have plaintiffs stated a claim upon which relief can be granted in the Seventh Count of their complaint. The Seventh Count is therefore dismissed.[2]

The court notes, however, that even without the Seventh Count of the complaint, any medical or other expenses incurred by the plaintiff Leonard Savona as a result of personal injury to him as part of his product liability claim in this case are recoverable by him personally as damages even though his father actually paid the bills:

> Connecticut follows the rule that payments from a collateral source to an injured plaintiff may not be considered in mitigation of damages. *Healy v. White,* 173 Conn. 438, 448, 378 A.2d 540 (1977); *Gorham v. Farmington Motor Inn,*

*Inc.,* 159 Conn. 576, 579, 271 A.2d 94 (1970); 22 Am.Jur.2d, Damages § 206; annot., 19 A.L.R.2d 557, 561 § 3. . . .

*Appuzzo v. Seneco,* 178 Conn. 230, 423 A.2d 866 (1979). The fact that the father has no independent cause of action against the defendants here or the fact that the father actually paid the expenses for his adult son does not prejudice the adult plaintiff-son from recovering those expenses in his own right.

Defendants' motions to dismiss are granted.

SO ORDERED.

---

2. If Marco Savona has any rights of recovery with respect to the expenses he incurred in this case, they would be as against his son Leonard. The nature or extent of any such right in Marco Savona to recover, however, is not presently before this court, nor is it likely to be because diversity for such a claim would not exist.