[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
The plaintiff has filed a motion to strike the defendant's counterclaim. Three separate claims are made in the motion. First it should be noted that the motion to strike admits all well pleaded allegations. Kilbride v.Dushkin Publ. Group Inc. 186 Conn. 718, 719 (1982), Statev. Bashura, 37 Conn. Sup. 745, 748 (1981). A "speaking" motion to strike importing facts outside the pleadings cannot be granted, Conn. State Oil Co. v. Carbone,36 Conn. Sup. 181, 182-183 (1979), see generally ConnecticutPractice, Moller Horton, commentary on PB § 152, pp. 318-319.
1
The first argument in the motion to strike is CT Page 8371 apparently that certain paragraphs of the counterclaim appear to make a claim for vexatious suit. The plaintiff notes that this tort requires that the suit complained of be terminated in the favor of the person bringing suit,Merrill Lynch, Pierce, Fenner Smith Cole, 189 Conn. 518,538, Frisbie v. Morris, 75 Conn. 637, 639 (1903). Obviously the current suit by the plaintiff has not terminated in the defendants' favor; it has yet to be tried.
But it is also clear that a motion to strike, just like the demurrer, if it is directed at the entire pleading must fail if any of the plaintiff's claims are legally sufficient. Rossignol v. Danbury School of Aeronautics,Inc., 154 Conn. 549, 552 (1907), Doyle v. A P RealtyCorp. , 36 Conn. Sup. 126, 127 (1980).
Thus, even if the complaint in addition to an abuse process claim makes a claim for vexatious suit which is not itself legally sufficient the entire counterclaim cannot be stricken. The plaintiffs should have filed a request to revise separating out the two causes of action, if in fact they were asserted, then they could have moved to strike any count which did not properly set forth an action for vexatious suit.
2
The counterclaim sets forth the abuse of process claim in several paragraphs. Richard Pikor resigned as administrator of the estate of Helen Benny and Attorney Karen Lynch was appointed as successor administrator. The fifth paragraph of the counterclaim asserts "the plaintiff had no valid or substantial reasons to oppose the resignation of" Pikor or the appointment of Lynch. The appeal now before the court is from those actions in probate court and in the sixth paragraph of the counterclaim in states the appeal was taken "for no valid purpose but to use the legal process to frustrate the orderly administration of the Benny estate and "to clog" the court dockets. The counterclaim goes on to note that the plaintiff has been involved in numerous lawsuits and appeals since the inception of the estate. The final paragraph asserts that the purpose of this appeal is to frustrate the orderly administration of the estate and to CT Page 8372 prevent legitimate creditors from resolving their claims and to incur costs and expenses for the estate.
The facts alleged in a complaint have to be construed in the most favorable way to the party bringing the complaint. Amodio v. Cunningham, 182 Conn. 80, 82 (1980), cf Drazen v. Drazen, 180 Conn. 572, 575 (1980). A motion to strike is only designed to contest the legal sufficiency of the complaint with these principles in mind. Even a cursory reading of Mozzochi v. Beck, 204 Conn. 490, 493-498
(1987) indicates that the counterclaim is legally sufficient. The motion to strike and the memorandum accompanying it are, as the defendants point out, no more than an extended denial of the allegations of the counterclaim. The argument is made that the plaintiff would have no rational reason to take the actions she is alleged to have taken for the reasons stated in the complaint since she is the devisee of the property which is the sole remaining asset of the estate. It is argued that the counterclaim nowhere states the plaintiff's primary purpose in filing the appeal was to inflict the dire consequences that are alleged. But in fact the counterclaim explicitly states the appeal was brought only for these purposes — clogging the docket, preventing creditors from resolving their claims, etc. In Mozzochi
the court notes that the key allegation was that the litigation was pursued for the ulterior purpose of inflicting injury upon the plaintiff and to enrich themselves although they knew the suit was without merit. The court goes on to say "The complaint in no way distinguishes between the costs and benefits ordinarily associated with the pursuit of litigation and the burdens that the defendants in this case allegedly improperly inflicted upon the plaintiff." 204 Conn. at pp. 497-498.
Clearly the counterclaim in this case goes beyond the bare bones and general allegations of harm that are alleged in Mozzochi.
The defendants may not be able to prevail on their counterclaim and the plaintiff does raise cogent arguments as to why the allegations of the counterclaim may not be supportable but that does not put into question the legal sufficiency of this counterclaim which does allege specific improper purposes as the true motive in bringing this CT Page 8373 appeal.
3
Finally the plaintiff argues that the counterclaim is not permissible under PB 116 because it does not arise out of the "transaction which is the subject of the plaintiff's complaint."
It is difficult to understand this aspect of the plaintiff's motion to strike. The bald assertion is made that (1) the appeal involves Pikor's removal as administrator, (2) the counterclaim alleges the "actions of the plaintiff" — presumably bringing the appeal — are an abuse of process, ergo the two transactions are completely unrelated.
Obviously these two "transactions" are directly related; it is the very appeal and its purposes which are the subject of the abuse of process claim. Common facts could come into evidence. Again the plaintiff misconstrues the purpose of a motion to strike by importing facts into the discussion which she alleges will disprove the allegations of the complaint — "even if it can be shown that the incidental ulterior purpose alleged is a benefit to the plaintiff liability is excluded because it is not the primary purpose for which the action is brought" (page 7 of Plaintiff's Memorandum).
That may be shown to be true but not by way of mere allegations in a motion to strike.
The motion to strike is denied.
Corradino, J.