[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO DISMISS
This is an action to recover damages for injuries sustained by Plaintiff when he was on an amusement ride operated by the defendant, a Rhode Island corporation, at a town fair in Somers, CT. Plaintiff made service on defendant by mailing process to the defendant's corporate office through registered mail, with return receipt, pursuant to an order of notice issued on September 3, 1996 by an assistant clerk for the Hartford Superior Court. CT Page 983
On October 11, 1996, the defendant filed this motion to dismiss the Plaintiff's complaint claiming lack of personal jurisdiction because the Plaintiff failed to comply with the appropriate statutes in making service of process.
In opposing the motion, Plaintiff has filed copies of the order of notice, the officer's return and a registered mail receipt.
During oral argument on the motion the defendant conceded that it did not register with our secretary of state and that it never authorized the secretary of state to receive process on its behalf.
— I —
The defendant argues that, under both General Statutes § 33-411 (a) and General Statutes § 29-138, the Plaintiff's service of process was defective because the Plaintiff did not serve a copy of process on the secretary of state. The Plaintiff argues that General Statutes § 33-411 (a) does not require but merely suggests a method for service of process and that General Statutes § 33-411 (e) allows alternative methods for service of process. Additionally, the Plaintiff argues that, even if she was required to serve process on the secretary of state, her failure to do so is excusable under General Statutes § 52-123.
 General Statutes § 29-138 provides, in pertinent part, that "No license shall be issued . . . to any owner [of amusements] not a resident of this state until such owner has appointed, in writing, the secretary of the state and his successors in office to be his attorney, upon whom all process in any action or proceeding against him may be served; and in such writing such owner shall agree that any process against him which is served on said secretary shall be of the same legal force and validity as if served on the owner, and that such appointment shall continue in force as long as any liability remains outstanding against the owner in this state. Such written appointment shall be acknowledged before some officer authorized to take acknowledgments of deeds and shall be filed in the office of said CT Page 984 secretary, and copies certified by him shall be sufficient evidence of such appointment and agreement. Service upon said attorney shall be sufficient service upon the principal, and shall be made by leaving an attested copy of the process with the secretary of the state . . .
The defendant never registered with the secretary of state or appointed the secretary of state as an agent authorized to accept process; it is hardly in a position to invoke service on the secretary of state as the sole effective method of service on it. In this situation service on the secretary, would be unlikely to give it actual notice of the process.
— II —
General Statutes § 33-411 (a)(1), which sets forth the requirements for service of process on foreign corporations, provides in pertinent part that
 Any process, notice or demand in connection with any action or proceeding required or permitted by law to be served upon a foreign corporation authorized to transact business in this state which is subject to the provisions of section 33-400 may, when timely made, be served upon such corporation by any proper officer or other person lawfully empowered to make service. (Emphasis added.)
General Statutes § 33-411 (a)(2) provides that
 When an agent other than the secretary of the state and his successors has been appointed such corporation's agent for service of process, by serving the same upon such agent by leaving a true and attested copy of it with such agent . . . If it appears from the records of the secretary of the state that such corporation has failed to maintain such agent for service of process, or if it appears by affidavit attached to the process, notice or demand of the officer or other person directed to serve any process, notice or demand upon such corporation's agent appearing on the CT Page 985 records of the secretary of the state that such agent cannot, with reasonable diligence, be found at the address shown on such records, service of such process, notice or demand on such corporation may be made by such officer or other proper person by: (A) Leaving a true and attested copy thereof, together with the required fee, at the office of the secretary of the state or depositing the same in the United States mails, by registered or certified mail, postage prepaid, addressed to such office, and (B) depositing in the United States mails, by registered or certified mail, postage prepaid, a true and attested copy thereof, together with a statement by such officer that service is being made pursuant to this section, addressed to such corporation at the address of its executive offices as last shown on the records of the secretary of the state or at such other address as has been designated as provided in subsection (b) of section 33-300.
Significantly, subsection (e) of General Statutes § 33-411 provides
 Nothing in this section shall limit or affect the right to serve any process required or permitted by law to be served upon a foreign corporation in any other manner now or hereafter permitted by law.
In Board of Education v. Local 1282, 31 Conn. App. 629,1314 (1993), cert. granted, 227 Conn. 909 (1993)[1], the Appellate Court discussed the use of the terms "may" and "shall" in the context of General Statutes § 52-57 (e), which governs service of process on voluntary associations. That statute provides, in pertinent part, that "in actions against a voluntary association, service of process may be made upon the presiding officer, secretary or treasurer." (Emphasis added.) The Plaintiff served process on a building and grounds supervisor rather than on any of the statutorily named officers, and the defendant filed a motion to dismiss for lack of personal jurisdiction on the ground that the Plaintiff failed to serve process on the defendant in accordance with § 52-57 (e). CT Page 986
The court observed that "Where a particular method of serving process is pointed out by statute, that method must be followed. . . . Unless service of process is made as the statute prescribes, the court to which it is returnable does not acquire jurisdiction." Supra, 632.
Conversely, in Farricielli v. Connecticut PersonnelAppeal Board, 186 Conn. 198, 203 (1982), our Supreme Court comparing various subsections of General Statutes § 4-183
stated that "the use of `shall' and `may' which are words commonly mandatory and directory in connotation, is a factor that evidences affirmative selectivity of terms with specific intent to be distinctive in meaning. . . . They must then be assumed to have been used with discrimination and a full awareness of the difference in their ordinary meanings." See also McIlwain v. Moser Farms Dairy Inc.,40 Conn. Sup. 230, 232 (1985) to the effect that the term "may" imparts discretion while the term "shall" refers to a mandatory requirement.
Moreover, if we construe the term "may" as mandatory language, then General Statutes § 33-411 (e), which allows alternative methods for service of process, must be deemed superfluous. It has been an accepted rule that in construing statutes, no word or phrase should be treated as superfluous. Wilcox Trucking, Inc. v. Mansour Building,Inc., 20 Conn. App. 420, 424 (1989), cert. denied,214 Conn. 804 (1990).
Board of Education v. Local 1282, supra, is distinguishable from the present case because the statute construed, General Statutes § 52-57c), does not contain the permissive service language of General Statutes § 33-411(e) involved in the present case.
— III —
If General Statutes § 33-411 (a) is permissive in a situation where a foreign corporation has not registered or appointed a statutory agent for service, the validity of the order of notice issued by the court clerk to the Plaintiff must be considered.
General Statutes § 52-68 (a) provides in part CT Page 987
 The superior court, and the judges, clerks and assistant clerks thereof, may, except where it is otherwise specially provided by law, make such order as is deemed reasonable, in regard to the notice which shall be given of the institution or pendency of all complaints, writs of error and appeals from probate, which may be brought to or pending in the superior court, when the adverse party, or any persons so interested therein that they ought to be made parties thereto, reside out of the state, or when the names or residences of any such persons in interest are unknown to the party instituting the proceeding.
In Tarnopol v. Connecticut Siting Council, 212 Conn. 157,164, 561 (1989), the Plaintiffs argued that service of process by certified mail was authorized because they had obtained an order of notice from an assistant clerk. The Supreme Court in finding that the Plaintiffs' use of an order of notice was improper, explained that "pursuant to General Statutes 52-68 (a), an order of notice may be utilized as an alternative means of service only when the adverse party, or any persons so interested therein that they ought to be made parties thereto, reside out of the state, or when the names or residences of any such persons in interest are unknown to the party instituting the proceeding."
We distinguish Tarnopol because in this case, the defendants are a foreign corporation and not Connecticut residents and General Statutes § 4-183, the statute addressed in Tarnopol, uses the term "shall" in describing the appropriate method for serving process.
In this case, the defendants were served in a manner that was most likely to, and in fact did, give them actual notice of the action instituted. The method of service was authorized by a court officer based on statutory authority.
Accordingly Defendant's claim that this court lacks jurisdiction is rejected. Motion to Dismiss denied.
Jerry Wagner Trial Judge Referee. CT Page 988